WESTERN UNION TELEGRAPH COMPANY v. CLAUDE HUDSON.

No. 2052.    Decided January 12, 1910.

**Certificate of Dissent—Adjournment of Term.**

The statutes providing for certificate of a case to the Supreme Court on dissent (Rev. Stats., arts. 1040-1042) do not authorize certifying a cause after the Court of Civil Appeals rendering the decision has adjourned for the term. Its decision then becomes final. A motion to certify on dissent filed thereafter comes too late, and certificate made in accordance with it must be dismissed.

Certificate of dissent from the Court of Civil Appeals for the Second District, in an appeal from Dallam County.

*John W. Veale,* and *N. L. Lindsley (Geo. H. Fearons,* of counsel), for appellant.

*C. J. Carter* and *D. B. Hill,* for appellee.

MR. CHIEF JUSTICE GAINES delivered the opinion of the court.

This is a certificate of a dissent as to the disposition of this case in the Court of Civil Appeals.

The case was submitted to the Court of Civil Appeals and there was a judgment reversing the judgment of the District Court and remanding the cause by a majority of the judges of that court—one of them, however, dissented. There was a motion for a rehearing which was overruled by a majority—the same judge still dissenting. The motion for a rehearing was overruled on the 3d day of July, 1909, and on the same day the court adjourned for the term. There was no further action taken in the case until July 21, 1909, when the attorney for the appellee filed a motion in the Court of Civil Appeals requesting them to certify the point of dissent to this court for decision.

We are of opinion that the motion to certify was filed too late. The motion for a rehearing had been overruled and without any other action in the case the court had adjourned for the term. When a court finally adjourns for the term, all matters finally disposed of at that time become fixed and the court has no power to set aside, alter or amend a final judgment.

That the Legislature might have provided for a certificate of a dissent after the adjournment for the term, we have no doubt; but as to this we think it sufficient to say, that in our opinion they have not done so. There is nothing in articles 1040, 1041 and 1042 of our Revised Statutes which intimates that this may be done.

For the reason given the certificate is dismissed.