### SEWALL et al. v. CHRISTIE.

(Court of Civil Appeals of Texas. Galveston. March 27, 1913.)

APPEAL AND ERROR (§ 745*)—ASSIGNMENTS OF ERROR — NECESSITY OF FILING IN TRIAL COURT.

In a vendee's action to recover a deposit as earnest money, where defendant pleaded that plaintiff had refused to carry out the contract, assignments that the court erred in rendering judgment for defendant, because, under the contract, it was necessary for defendant to cure all defects in the title and make it perfect of record, to execute and tender a deed, and, at the expiration of 30 days, to demand the balance of the price, of which there was no evidence, and that the court erred in rendering judgment for defendant, because there was no evidence of a written rescission or waiver of the contract by plaintiff, authorizing defendant to treat it as terminated and to forfeit the earnest money, did not raise fundamental errors apparent on the face of the record which could be reviewed, although the assignments were not filed in the trial court, as required by Rev. St. 1895, art. 1018, rule 101 (142 S. W. xxiv) for district courts, and rules 23 and 24 (142 S. W. xii) for Courts or Civil Appeals, since, to determine whether error was committed as claimed, it would be necessary to examine the entire record.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3039, 3042; Dec. Dig. § 745.*]

Appeal from Harris County Court; Clark C. Wren, Judge.

Action by Cleveland Sewall and others against George R. Christie. Judgment for defendant, and plaintiffs appeal. Affirmed.

Campbell, Sewall & Myer, of Houston, for appellants. Andrews, Ball & Streetman, of Houston, for appellee.

REESE, J. Appellants sued appellee in the county court to recover $500, alleged to have been deposited by them with defendant as earnest money on a proposed sale of land by defendant to plaintiffs. It was alleged that defendant had failed to comply with his contract, and the plaintiffs were entitled to the return of the earnest money. Defendant answered that plaintiffs had breached the contract and refused to carry it out, and in consequence, under the terms of the contract, he was entitled to retain the earnest money. The case was tried by the court without a jury; the trial resulting in a judgment for defendant.

There are no conclusions of fact or law in the record. No assignments of error were filed in the trial court. The record shows none. Appellants rely for reversal upon two assignments, which, it is contended, present "error apparent upon the face of the record," and may be availed of without having been filed in the trial court and brought up in the record. These assignments are as follows:

"The court erred in rendering judgment against plaintiffs and in favor of defendant, because, under the terms of the contract, it was necessary that defendant cure all defects in the title to said property and make the title to said property perfect of record and free of defects, and for defendant and wife to execute a general warranty deed to said property and tender the same to E. W. Sewall, and at the expiration of 30 days thereafter to demand of E. W. Sewall payment of the remaining $6,000, before the defendant would be entitled to retain the $500 earnest money and declare the same forfeited. There being no evidence in the record that the defendant did either of the above things, the judgment is therefore fundamentally erroneous."

"The court erred in rendering judgment in favor of defendant and against plaintiffs, which error is fundamental, because there is no evidence in the record of a written rescission or waiver of said contract, or any of the terms thereof, by E. W. Sewall, or any one authorized by him, which would authorize or allow the defendant to treat said contract as terminated, and declare a forfeiture of the earnest money, and any parol waiver or rescission of said contract, or any part thereof, would be a nullity."

Article 1018, Revised Statutes, is as follows: "The appellant or plaintiff in error shall in all cases file with the clerk of the court below all assignments of error, distinctly specifying the grounds of error on which he relies, before he takes the transcript of the record from the clerk's office; all errors not distinctly specified are waived."

Rule 101, district court rules (142 S. W. xxiv), provides: "The appellant or plaintiff in error shall file his assignments of error in the trial court as prescribed by statute."

Rules 23 and 24 for the Courts of Civil Appeals (142 S. W. xii) are as follows:

"23. Said record should contain an assignment of errors as required by the statute. If it does not, the court will not consider any error but one of law that may be apparent upon the record, if the judgment is one that could legally have been rendered in the lower court and affirmed in the appellate court.

"24. The assignment of error must distinctly specify the grounds of error relied on and distinctly set forth in the motion for a new trial in the cause, and a ground of error not distinctly set forth in a motion for a new trial in the cause and not distinct-

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

ly specified in reference to that which is shown in the record, or not specified at all, shall be considered as waived, unless it be so fundamental that the court would act upon it without an assignment of error as mentioned in rule 23."

This is plain and emphatic enough. It only remains to determine whether the assignment of errors in the brief presents errors of law apparent upon the record.

It may sometimes be difficult to determine whether the error relied upon, but not covered by proper assignment of errors in the trial court, comes within this definition so as to be entitled to consideration; but we think there can be no doubt that those here presented do not, under the most liberal interpretation of the rule referred to. There can be no question that the judgment was such as could have been legally rendered by the trial court and legally affirmed by this court. It is clear that, in order to determine whether error was committed as set out in these assignments, it will be necessary to examine the entire record, the pleadings, in order to determine what issues are presented, and the entire statement of facts, in order to determine whether the evidence entitled appellee to the judgment recovered. Houston Oil Co. v. Kimball, 103 Tex. 103, 104, 122 S. W. 533, 124 S. W. 85, is decisive of the question.

The assignments in the brief do not relate to "error of law apparent on the face of the record," and not having been filed in the trial court cannot be considered. There being no other assignments of error, the judgment must be affirmed; and it is so ordered.

Affirmed.