enactment of chapter 177 of the Acts of 1917 and chapter 138 of the Acts of 1913.

It is necessary that, in some appropriate manner, the record make known to this court that the refusal of a special charge was not acquiesced in. The trial court frequently, responding to a request for special charges or to exceptions to the main charge, so amends his instructions to the jury as to obviate the criticisms. In such cases the written exceptions to the main charge and the special charges are still parts of the record, and, unless the record in some way reveals to this court that the action of the trial court in refusing the special charge is intended to be made the subject of complaint on appeal, it will not be given consideration. Several expressions of the court to this effect are found in Vernon's Texas Crim. Stat. 1922 Supp. vol. 2, p. 2505. Others will be found in later reports not annotated at this time.

In deference to the earnest oral argument of counsel and the motion for rehearing, which reveals much research and thought, we have reviewed the record very carefully, but are of the opinion that the former disposition of the case is correct.

The motion for rehearing is overruled.

---

## W. L. PEARSON & CO., Inc., v. CITY OF PORT LAVACA et al. (No. 944.)

(Court of Civil Appeals of Texas. Beaumont. April 9, 1923.)

I. Appeal and error ⚬⚬672—Fundamental error is not "apparent on face of record," when it becomes necessary to search entire statement of facts.

Where it is necessary for the appellate court, in determining whether the trial court erred in his determination of the issue of fact involved in the plea of privilege, to search the entire statement of facts, there being no assignments of error or findings of fact or conclusions of law, the error of the trial court, if any, is not "fundamental error apparent on the face of the record" within Rev. St. 1911, art. 1607.

[Ed. Note.—For other definitions, see Words and Phrases, Second Series, Apparent on the Face of the Record.]

2. Pleading ⚬⚬111—Burden on plaintiff to sustain jurisdiction.

The burden is on plaintiff to sustain the jurisdiction of the court in which he commenced the action.

Appeal from District Court, Harris County; W. E. Monteith, Judge.

Action by W. L. Pearson & Co., Inc., against City of Port Lavaca and another. From an order granting change of venue, plaintiff appeals. Affirmed.

Sam R. Merrill, of Houston, for appellant. Wilson & Wood, of Houston, and Bailey & Wallace, of Cuero, for appellees.

HIGHTOWER, C. J. We take from appellant's brief the following statement of the nature and result of this suit:

"Appellant filed this suit in the district court of Harris county against the city of Port Lavaca, situated in Calhoun county, Tex., and A. S. Adams, a resident of Harris county, by which it sought to recover the value of certain plans and specifications prepared by it and used by the city of Port Lavaca as owner and by the said Adams as contractor, in the construction of a sea wall for said city.

"Appellant alleged that it had prepared and was the owner of certain plans and specifications for the construction of a sea wall, and that the city of Port Lavaca surreptitiously and fraudulently made copies and tracings thereof for the purpose of using the same, with the fraudulent intent and purpose of depriving appellant of the value thereof, and that the defendant Adams entered into a contract for the construction of the sea wall in accordance with said plans and specifications, with full knowledge of the fraudulent acts and purpose of the city of Port Lavaca and its officers, and afterwards actually constructed the sea wall in accordance with his contract.

"The city of Port Lavaca filed its plea of privilege asserting its right to be sued, if at all, in the district court of Calhoun county, as the county of its legal residence, and charged that no cause of action was alleged against its codefendant Adams, or, if alleged, that none in fact existed, and that Adams had been made a party to the suit for the fraudulent purpose of securing jurisdiction in the district court of Harris county, Tex., and in fraudulently defeating the jurisdiction of the district court of Calhoun county.

"Appellant filed its controverting affidavit, by which it asserted the jurisdiction of the district court of Harris county, Tex., under section 4 of article 830 of the Revised Statutes, providing that, where two or more defendants reside in different counties, suit may be brought in any county where any one of the defendants resides; and asserting that the defendant Adams was properly joined with the city of Port Lavaca as a defendant, and that appellant had reasonable expectation of proving the truth of the allegations of its petition."

The parties submitted to the trial judge for hearing and determination the plea of privilege as interposed by the city of Port Lavaca, and, after going into the evidence in detail offered upon that issue, the court sustained the plea of privilege and ordered the venue changed to the district court of Calhoun county. To this action of the court, W. L. Pearson & Co. duly excepted and gave proper notice of appeal, which it has prosecuted.

[1] The record is before us upon a statement of facts, but without assignments of error or findings of fact or conclusions of law

by the trial judge. Appellant contends, however, that there is fundamental error apparent upon the face of the record, for which the judgment of the trial court should be reversed and the cause remanded, it being appellant's contention that the evidence adduced upon the plea of privilege before the trial judge on the issue of fact involved was such as to compel a finding by the trial judge against the plea of privilege as to the issue of fact, and that this court should so hold and reverse that judgment.

As we have stated in the beginning, the issue of fact arising from the plea of privilege was agreed to be submitted to the trial judge for his determination, and he determined the issue upon the evidence adduced in favor of the plea of privilege. In order to determine whether the court was correct in his determination of that issue, we would have to search the entire statement of facts for the evidence, to ascertain whether the conclusion of the trial judge has support in the evidence. Where such is the case, it cannot be held that the error of the trial court, if any, in the conclusion reached by him, is a fundamental error, apparent upon the face of the record.

In the case of Houston Oil Co. of Texas v. Kimball, 103 Tex. 94, 122 S. W. 533, 124 S. W. 85, the Supreme Court of this state, speaking through Judge Brown, had occasion to determine what is meant by the expression "fundamental error apparent upon the face of the record," and, in doing so, Judge Brown, among other things, said:

"Webster defines the word, 'apparent,' thus: 'Clear, or manifest to the understanding; plain; evident; obvious; appearing to the eye or mind.' This does not mean that an error which can be ascertained by looking into the record and considering the evidence may be considered without an assignment, for that would include every error which can be considered at all. Nothing can be considered as an error which cannot be made apparent by an examination of the record, therefore, the language of the statute must be given that construction which will make it consistent with its requirements in other respects. The language, 'apparent upon the face of the record,' indicates that it is to be seen upon looking at the face of the record, that is, the assignment of itself, the fact pointed out by it must show a good and sufficient ground for the court to interfere to prevent injustice being done to one of the parties. Perhaps the best expression is that it must be a fundamental error, such error as being readily seen lies at the base and foundation of the proceeding and affects the judgment necessarily" (quoting authorities).

In Conn v. Houston Oil Co. (Tex. Civ. App.) 171 S. W. 520, in disposing of an assignment by the appellant, presenting what was claimed to be fundamental error apparent on the face of the record, the court said:

"The matters complained of in these assignments were not presented by defendants in their motion for new trial in the court below, but to cure the effect of this omission, are presented as pointing out fundamental error apparent upon the face of the record. To determine whether these assignments point out error would require an investigation of all the evidence bearing upon the matter to which they relate. We do not understand that the assignments are such as point out 'error in law * * * apparent on the face of the record,' as this language is used in article 1607, Revised Statutes 1911. This language was construed by our Supreme Court in Houston Oil Company v. Kimball, 103 Tex. 104, 122 S. W. 533, 124 S. W. 85, and it is there said: [The court then proceeds to quote the language of Judge Brown, as we have just quoted it, and then proceeded.] Tested by the rule thus stated, we are of the opinion that the assignments do not point out error apparent on the face of the record, and therefore, because the alleged error was not called to the attention of the trial court in the motion for a new trial, the assignments cannot be considered."

We might say here that there was no motion for a new trial in this case.

See, also, Zmek v. Dryer (Tex. Civ. App.) 174 S. W. 659; Park v. John Deere Plow Co. (Tex. Civ. App.) 199 S. W. 845.

Under the rule laid down in the above cases, the error here assigned by appellant is not a fundamental error apparent upon the face of the record, and therefore the contention of appellant is overruled.

[2] It must be remembered that, in order to sustain the jurisdiction in the Harris county district court in this case, the burden was upon appellant (Clarke v. Taylor [Tex. Civ. App.] 223 S. W. 878), and even if we were required to look to all the evidence in order to determine whether the trial judge was in error in sustaining the plea of privilege, we would still conclude, from the evidence as we find it in the record, that the trial judge's conclusion in favor of the plea of privilege has support in the evidence. It follows that the judgment should be affirmed, and it has been accordingly so ordered.