**CHAPMAN, Com'r of Insurance and Banking, v. REID et al. (No. 1090.)**

(Court of Civil Appeals of Texas. Beaumont. April 3, 1924.)

**1. Appeal and error ⚖➡755—Error held not apparent on face of record reviewable in absence of briefs.**

An error which can only be found by an inspection of the statement of facts is not such an error as is apparent upon face of record, which, if fundamental, will be considered by appellate court in absence of briefs filed by appellant.

**2. Appeal and error ⚖➡755—Fundamental error cannot be deemed apparent on face of record if inspection of statement of facts necessary to determine its existence.**

In action against directors of bank for damages caused by improper management, in violation of Rev. St. art. 539, where whether error was committed, as alleged, in theory upon which case was submitted to jury involved determination of certain questions of fact which required inspection of statement of facts, *held*, that such error was not fundamental one apparent of record, which would be reviewed in absence of briefs.

Appeal from District Court, Tyler County; J. M. Combs, Judge.

Action by J. L. Chapman, Commissioner of Insurance and Banking, against S. H. Reid and others. From an adverse judgment, plaintiff appeals. Affirmed.

W. J. Rogers, of Woodville, and Walace Hawkins, Asst. Atty. Gen., for appellant.

J. E. Wheat and Mooney & Smith, all of Woodville, and Robert A. Shivers, of Port Arthur, for appellees.

O'QUINN, J. The Tyler County State Bank, a banking corporation organized under the laws of the state of Texas, doing business at Woodville, in Tyler county, Tex., on March 28, 1921, ceased to do business and was taken in charge by the state banking commissioner. This is a suit by J. L. Chapman, as commissioner of banking and as receiver of said bank, against S. H. Reid, president, E. A. Dismuke, cashier, and J. T. Crumpler, J. D. Wickline, C. M. Davis, C. W. Swearingen, O. B. Crumpler, J. H. Fain, M. M. Reese, and C. E. Goolsbee, directors of said bank, and who constituted the board of directors of said bank. This action was brought against the board of directors of said bank for damages alleged to have been suffered by said bank, its stockholders and creditors, directly and proximately caused by the action of said board of directors in knowingly and willingly assenting to, permitting, and suffering to be made, directly and indirectly, loans to individuals and corporations in excess of the amount allowed by law, to wit, 25 per cent. of the capital stock and surplus of said bank, in violation of article 539, Revised Statutes, plaintiff alleging that any sums loaned to any individual or corporation in excess of said amount and in violation of said law were "unlawful, illegal, and a breach of duty, and that the directors of said bank thereby became liable, jointly and severally, for the amount so loaned and lost to the said bank, its stockholder and creditors." The petition set out many such alleged loans, and charged that "said loans are excessive in the following amounts, respectively: Eleanor Oil Co., $32,079; S. H. Reid, $15,000; J. W. Broadhagen, $15,000; J. H. Thomas & H. M. Tippett, $15,000; Gandy-Garrett Oil Co., $22,500; Farmers' Implement Co. and East Texas Garage, $15,000; East Texas Land & Lumber Company, $19,000; Liberty Motor Company and Smith-Minter Realty Company, $9,500; Zavalla Lumber Company, $47,000; making a total of $190,000"—which would probably be credited to collections amounting to the sum of $11,925.80, by reason of which plaintiff had been damaged in the sum of $250,000.

Plaintiff's allegations of negligence were limited to specific allegations as to making (1) loans in excess of the legal limit, and (2) loans to insolvent and improvident persons and firms, without adequate security.

In the alternative, appellant alleged:

"Plaintiff further avers that, in the event he is mistaken as to the liability of the said directors on the above loans, as set out in the preceding paragraph of this petition, that defendants, as agents and trustees for the bank, its

stockholders and its creditors, owed the duty to faithfully and diligently administer the affairs of said bank, and to refrain from permitting loans in excess of the legal limit. That he is entitled to recover from the defendants by reason of carelessness and negligence with which the above loans were made and approved, in that the defendants knew, or could have known by the exercise of ordinary care, that said loans were in excess of the limit authorized by law; that the persons' to whom they made the said loans were insolvent, improvident, and irresponsible, and that they made and permitted the same to be made with no security or grossly inadequate security. Further, that they either carelessly and heedlessly or knowingly and willingly permitted the cashier of said bank, and a minority of the board of directors, to make the above loans to their personal friends, kinfolks, and business associates, without security, to be used in perilous and hazardous undertakings, all of which they well knew, or could have known by the exercise of ordinary care. The loans to the Eleanor Oil Company, Gandy-Garrett Oil Company, Columbus Oil Company, Sour Lake Production Company, Sabine Oil Company, set forth above, in which the directors of the bank were interested, were made with knowledge that the funds were to be used to wildcat for oil in wildcat territory, without any security whatever, and were so negligently and carelessly made that the making of such loans under such facts and circumstances constituted a breach of trust and duty which defendants owed to the bank, its stockholders and creditors. The making of all these said loans under the facts and circumstances above set out, without any security or with inadequate security, and in excess of the lawful limit, was so foreign to safe banking and sound business principles and was attended with such gross neglect, carelessness, and in violation of the criminal and civil statutes of the state of Texas, that the defendants became liable for the damage to said bank, its creditors and stockholders, as a direct and proximate cause of said loss, which would have been averted had it not been for the negligence and carelessness aforesaid, all of which is to the damage of plaintiff in the sum of $250,000."

The prayer was for judgment against all the defendants in the sum of $250,000, costs of suit, etc.

The case was tried to a jury on special issues, upon the answers to which judgment was rendered against defendants Reid and Dismuke, jointly and severally, for $149,518.-97, and against defendants Reid, Dismuke, and Wickline, jointly and severally, in the further sum of $30,500, with interest at the rate of 6 per cent. and all costs, and judgment was rendered in favor of all the other defendants, directors, from which latter judgment Chapman prosecutes this appeal.

When this case was submitted, on motion of appellees we struck out appellant's briefs, because they were not filed in time to give appellees an opportunity to thereafter prepare and file their brief by the day on which the cause was set for submission in this court. We did not dismiss the appeal, because appellant urged what he claims to be fundamental error apparent upon the face of the record, and we have considered the appeal and examined the record for the purpose of determining whether appellant's claim of fundamental error can be sustained.

[1, 2] Appellant in his written argument bases his contention of fundamental error upon the following propositions:

First proposition: "The fact that the directors of a failed bank used ordinary care in the selection of the managing officers of the bank does not relieve them of liability for excessive and unsecured loans made by such officers and approved by the board of directors."

This proposition grows out of the court's giving the following special charge:

"Gentlemen of the Jury: At the request of the defendants, you are given this special issue. Sp. No. A. Did the defendants, as directors of the Tyler County State Bank, exercise ordinary care, as that term has been heretofore defined to you, in the selection of the executive officers of said bank?"

The jury answered this special issue: "Yes."

Appellant asserts that the giving of this charge was fundamental error, for the reason urged that the exercise of ordinary care by the directors of a failed bank in the selection of its managing officers does not relieve them of liability for excessive and unsecured loans made by such officers and approved by the board of directors. Whether the managing officers of the bank made either excessive or unsecured loans, and whether the board of directors approved such loans, are questions of fact. In order for this court to determine these questions of fact raised by the proposition, we would have to examine the statement of facts, consisting of 175 pages of typewritten matter. An error which can only be found by an inspection of the statement of facts is not such an error as is apparent upon the face of the record. Houston Oil Co. v. Kimball, 103 Tex. 94, 122 S. W. 533, 124 S. W. 85; Oar v. Davis, 105 Tex. 479, 151 S. W. 794; Westheimer v. Piner (Tex. Civ. App.) 240 S. W. 985.

Second Proposition: "Where the evidence shows that the directors of a bank, after having had their attention directed to excessive loans made by the officers of said bank, reappoint said officers, who continue to make such illegal and unlawful loans, and which are approved by the directors, and such evidence is uncontroverted except that such officers had a reputation in the community for being careful and prudent bankers, presents no issue of fact to be submitted to the jury."

This proposition involves the following questions: (1) That excessive loans had been made by the officers of the bank; (2) that the attention of the directors had been called to the making of such loans by the officers;

(3) that the directors, after having their attention called to the making of excessive loans, reappointed the said officers of the bank, who continued to make such loans, and which said loans were approved by the directors; and (4) that the evidence showing these acts is uncontroverted. These are all purely questions of fact. To determine these matters, we would have to sift the entire evidence contained in the statement of facts. As shown by the above cited authorities, this we are not required to do.

Third proposition: "Any director of a state bank who knowingly granted loans in excess of the amount limited by Article 539, Revised Civil Statutes, or authorizes and permits any officer, agent, or servant of the bank to do so, is liable in his personal and individual capacity for all damages sustained in consequence of such excess loans. Knowledge of the officers or agents that the loan is in excess of that allowed by law, is knowledge by the directors."

The questions in this proposition are: (1) That the directors of the bank knowingly granted loans in excess of the amount authorized by law; or (2) that they authorized and permitted some officer, agent, or servant of the bank to do so. How could we know whether the defendants, directors of the bank, granted excessive loans or authorized some officer, agent, or servant of the bank to do so, and that such loans were, in fact, made, without a careful examination of the whole of the statement of facts? Questions of fundamental error do not require us to go into an investigation of the statement of facts. See authorities supra.

Having inspected the record, and not finding any error apparent on the face thereof requiring a reversal of the judgment, the same must be affirmed; and it is so ordered.

Affirmed.