### BIGGS v. DOAK et ux. (No. 1552.)

(Court of Civil Appeals of Texas. El Paso. April 10, 1924.)

1. **Pleading** ⬦403(5)—Cross-action held not subject to general demurrer.

Where suit to cancel a deed and note necessarily rested on the assumption that defendants were owners of the note, there was no necessity for defendants to plead and prove such ownership, and the absence of direct allegation of ownership in defendants' cross-bill did not subject it to general demurrer, under the liberal rules in favor of sufficiency of a pleading, and aider by allegations of the petition.

2. **Appeal and error** ⬦835(2)—Error in judgment for attorney fees on note not first urged on second motion for rehearing.

Where no question as to the right to render judgment for attorney fees on a note was raised by assignment of error in the court below nor presented in the briefs nor in first motion for rehearing, it is too late to first urge such question on second motion for rehearing.

3. **Appeal and error** ⬦719(9)—Error in allowance of attorney fees not such as to require search of statement to verify contention thereon.

Alleging error in rendering judgment for attorney's fees on a note because there was no evidence that it contained such clause was not such error as would be considered, in absence of a proper assignment, involving as it would a search through the statement of facts.

---

⬦For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and indexes

**4. Bills and notes ⬱471—Cross-action held sufficient to allege unpaid interest.**

Where cross-action described a note and alleged that it bore interest from date and was unpaid, it was sufficient to show that interest thereon was unpaid.

**5. Payment ⬱59, 65(6)—Incumbent on defendant to plead and prove payment.**

Payment is a defense which it is incumbent on defendants to plead and prove.

Appeal from District Court, Reeves County; Chas. Gibbs, Judge.

On second motion for rehearing. Motion overruled.

For former opinion, see 259 S. W. 665.

Roy I. Biggs and John B. Howard, both of Pecos, for appellant.

G. E. Lockhart, of Tahoka, for appellees.

HIGGINS, J. The judgment herein was affirmed February 14th of this year. Motion for rehearing was overruled March 13th without opinion. On March 28th, appellant filed a second motion for rehearing, and, in view of the earnestness with which it is urged, the reasons for overruling same will be stated.

[1] The first ground of the motion was first raised in the previous motion for rehearing and is that there is neither plea nor proof that appellees were the owners of the note sued upon in the cross-action. There is no direct allegation to this effect, but the whole import of the cross-action is that they were the owners. Furthermore, the suit of the appellant was to cancel the deed and this very note. The appellant's suit necessarily rested upon the assumption that appellees were the owners of the note, and there was thus no necessity for appellees to plead and prove such ownership. Under the liberal rule obtaining in favor of the sufficiency of a pleading as against a general demurrer and the aider which it has from the allegations of the adverse party, the cross-action is not subject to general demurrer.

[2, 3] The second ground is that it was error to render judgment for 10 per cent. attorney's fees upon the note because there was no evidence that the note contained an attorney's fee clause. For reasons not necessary to state, the note was not produced upon the trial. This ground of the motion was not raised by any assignment of error in the court below, was not presented in the briefs, nor in the first motion for rehearing. It is now too late to raise the question. Furthermore, it would involve a search through the statement of facts to verify the contention of a lack of evidence to support the judgment in this respect, and this is not such an error as will be considered in the absence of a proper assignment. Oil Co. v. Kimbal, 103 Tex. 94, 122 S. W. 533, 124 S. W. 85; Schmidt v. McCoplin (Tex. Civ. App.) 243 S. W. 605; Pierson & Co. v. City of Port Lavaca (Tex. Civ. App.) 250 S. W. 708.

[4, 5] The third ground is that there is neither plea nor evidence that the interest upon the note was unpaid. The cross-action described the note and alleged that it bore interest from date and that the note was unpaid. The pleading is sufficient. It was not necessary to prove that it had not been paid. Payment is a defense which it is incumbent upon the defendants to plead and prove. See cases cited 13 Michie Digest, 1023, 1024.

The fourth ground questions the sufficiency of the cross-action against general demurrer. This is disposed of by the ruling upon the first and third grounds.

The fifth ground is sufficiently covered in the main opinion. The authorities cited have no application in the case of an executed conveyance as is involved in the present action.

Motion overruled.