**BLAIR et ux. v. PAGGI et al. (No. 1354.)*** 

(Court of Civil Appeals of Texas. Beaumont. March 19, 1926. Rehearing Denied April 7, 1926.)

**1. Appeal and error ⟷767(1).**

Briefs on appeal which were not filed until one day before case was submitted in Appellate Court were stricken.

**2. Injunction ⟷135.**

District courts may grant writs of injunction in exercise of their discretion, where there is jurisdiction over subject-matter and parties.

**3. Injunction ⟷139—District judge sitting in chambers may grant temporary writ of injunction, even though erroneously exercising that power, where he had jurisdiction of subject-matter and parties.**

District judge sitting in chambers could grant temporary writ of injunction restraining defendants from interfering with plaintiffs' possession of real estate, even though he erroneously exercised that power, where he had jurisdiction over subject-matter and the parties.

**4. Appeal and error ⟷1043(5)—Court's action in granting temporary writ of injunction from which no appeal was prosecuted held not prejudicial where case was afterwards tried on merits.**

District judge having power to grant temporary writ of injunction restraining defend-

ants from interfering with plaintiffs' possession of real estate, and defendants having made no motion to dissolve, and having prosecuted no appeal from that order, judge's action became immaterial where case afterwards went to trial on its merits, and defendants invoked court's jurisdiction.

**5. Injunction ⊚⇒191—Court with jurisdiction of subject-matter and parties could make permanent temporary writ of injunction theretofore granted on adjudication in favor of plaintiffs.**

Court, which, in adjudicating title and right of possession to land in controversy in plaintiffs, had jurisdiction of parties and subject-matter, could make permanent temporary writ of injunction restraining interference with plaintiffs' possession which had theretofore been granted.

**6. Injunction ⊚⇒16.**

· Generally where legal remedy which petitioner has appears full, adequate, and complete, injunction should be denied.

**7. Appeal and error ⊚⇒954(1)—Discretion of court in granting temporary injunction dispossessing another in peaceable possession of land is subject to review by appellate courts in case of abuse.**

Discretion of court in granting mandatory temporary injunction to dispossess another in peaceable possession of land, pending an adjudication of title, is subject to review by appellate courts in case discretion is abused.

**8. Appeal and error ⊚⇒901.**

Reviewing court need not go through record to determine whether trial court erred in instructing verdict in favor of plaintiffs.

Appeal from District Court, Jefferson County; J. D. Campbell, Judge.

Suit by Mrs. Bertha D. Paggi and others against Frank Blair, Jr., and wife. Judgment for plaintiffs, and defendants appeal. Affirmed.

Jas. H. Rachford, of Beaumont, for appellants.

Chas. D. Smith, of Beaumont, for appellees.

HIGHTOWER, C. J. Appellants, Frank Blair and his wife, Hannah M. Blair, prosecute this appeal from a judgment of the district court (Sixtieth judicial district) of Jefferson county, decreeing and awarding to the appellees, who are the independent executors of the estate of Ed Paggi, deceased, the title and right to possession to certain portions of two certain lots in the city of Beaumont, and permanently enjoining appellants from in any manner interfering with appellees in the possession, use, and enjoyment of said property.

The suit was commenced by appellees on October 16, 1924, by their presenting to Hon. J. D. Campbell, judge of the Sixtieth judicial district, in chambers, their petition for a tem-

·orary writ of injunction restraining and enjoining appellants from interfering with appellees, their agents and employés in going upon the property involved for the purpose of making needed improvements and repairs thereon, and also to restrain and enjoin appellants from injurying or destroying such improvements when made, as well as from in any manner interfering with appellees in their use and enjoyment and preservation of the property.

The facts stated in the petition for the injunction are, in substance, the following:

That appellees are the independent executors of the estate of Ed Paggi, deceased, and that as such executors they own and hold the property involved by fee-simple title, and that they are entitled to its possession, use, and enjoyment with the right to improve and preserve the same; that appellants have no title to the property involved and no right or interest of any character therein, and have no right to the possession thereof, but that on or about October 15, 1924, appellees with the view and for the purpose of making certain improvements upon the property involved, sent their agents and employés upon the property for such purpose, and that thereupon the appellants, by force and threats of violence, prevented the agents and employés of appellees from going upon said property and making the required improvements thereupon, and by their threats of violence prevented appellees' agents and servants from making such improvements, and, in effect, drove them from said premises; that the appellants are wholly insolvent, and have no property whatever subject to execution under the Constitution and laws of this state, and are unable to respond in damages, and that their unlawful acts and conduct in forcibly ejecting and threatening violence to appellees' agents and employés thereby preventing appellees from improving and repairing said property, if permitted to continue, would result in irreparable injury and loss and damage to appellees and said property, for which they would have no adequate remedy at law, and they prayed for a temporary writ of injunction restraining and enjoining appellants, as before stated.

Upon presentation of the petition for the temporary writ to him, Hon. J. D. Campbell granted the same as prayed for. There is nothing in the record before us showing that any motion was made by appellants to dissolve the temporary writ or to modify it to any extent, or that they prosecuted any appeal from such order.

On April 27, 1925, the record discloses that appellants filed their first amended original answer in the district court, and in the first paragraph of this answer they alleged, substantially, that Mrs. Hannah M. Blair is the owner of the property involved in her own

---

⊚⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

separate right, and that she and her husband, Frank Blair, had been in actual and peaceable and adverse possession of the property for many years prior to the date that the temporary writ of injunction was granted, and that the property constituted their homestead, and that they were entitled to the possession thereof, and that the appellees were not entitled to the temporary writ of injunction that was granted to them, as before shown, because, as they asserted in the answer, it appeared from the petition of the appellees that they had a full, complete, and adequate legal remedy, in that they could have sued appellants in trespass to try title for the property, or could have brought a suit of trespass for recovery of damages.

Appellants then alleged, in their first amended original petition, that Mrs. Blair was the owner by fee-simple title of the property involved, and reiterated what they had already stated in the first count as to their right of possession thereto, and further alleged that appellees had no title to the property and no right of possession thereof, and no interest of any character therein.

Appellants then alleged, in substance, that appellees were claiming the title to the property under a judgment of the district court of Jefferson county, and that the judgment was absolutely void, but that, if mistaken in their allegation that appellees claimed the property under said void judgment, then they alleged, in substance, that appellees were claiming the property under a void deed which on its face purported to be an absolute deed to the property, executed by Mrs. Blair and her husband.

Appellants then alleged, in substance, that this judgment and deed, under which appellees claimed the property, constituted a cloud upon Mrs. Blair's title, and that it ought to be canceled and removed by the court. Appellants having alleged that they were the owners in fee simple of the title to the property, and having the right of possession thereto, they prayed the court to set the case for trial on its merits, and that their title and right of possession to the property be adjudicated, and that they be awarded recovery of same, and that the temporary injunction which the district judge had theretofore granted be dissolved, and further they prayed for such relief, both general and special, legal and equitable, as they might be entitled to.

Appellees filed a supplemental petition, in answer to these allegations of appellants, containing a general demurrer and many special exceptions, general denial, and reiterated their claim of title to the property involved and their right of possession thereto, and prayed for its recovery, and that their temporary injunction, upon hearing, be made permanent.

The case proceeded to trial with a jury, and at the conclusion of the testimony the trial judge peremptorily instructed a verdict in favor of the appellees for the title and possession of the property involved, and by his judgment perpetuated the temporary writ of injunction that had theretofore been granted. It is from this final adjudication and perpetuation of the temporary injunction that this appeal is prosecuted.

[1] The record in this case was filed in this court on August 15, 1925, but appellants did not file any brief until February 10, 1926, just one day before the case was to be submitted in this court. Upon filing of their brief, counsel for appellees filed a motion to strike out the brief and dismiss the appeal because the brief was not filed within the time required by the rules governing this court, and this court, taking the motion to strike out and dismiss the appeal along with the submission, has concluded that the motion to strike out the briefs must be sustained, which leaves appellants before this court without any brief. The record is quite voluminous, and the brief presents many assignments of error and propositions thereunder, and it is apparent at once that counsel for appellees could not be expected to file their brief in reply to appellants' brief within the short space of one day that was allowed them, and therefore we are compelled to sustain the motion to strike out appellants' briefs.

Counsel for appellants insist, however, that fundamental error, prejudicial to them, was committed by the trial court, and that this is apparent upon the face of the record. They assert in this connection that it was fundamental error in the trial court to make permanent the injunction in this case as he did, or to grant the writ at all, because as they assert, it is apparent upon the face of the petition for injunction that appellees were not entitled to the writ because they had a full, adequate, and complete legal remedy of trespass to try title, or in a suit of trespass for damages, and that therefore the court was without jurisdiction to grant the writ of injunction in the first instance or to perpetuate it as he did upon the trial of the case upon its merits.

[2-5] In disposing of the contention of counsel for appellants that the district court was without jurisdiction to grant or make permanent the injunction in this case, we will only say that it is our understanding that district judges in Texas and district courts have the power to grant writs of injunction under the Constitution and statutes of this state when, in the exercise of their judicial discretion, they deem it proper to do so, and where there is jurisdiction over the subject-matter and it has also been acquired over the parties. Unquestionably, Hon. J. D. Campbell, sitting in chambers, had the power to grant the temporary writ of injunction as he did in this case, even if it should be conceded that in

doing so he erroneously exercised that power. Having the power to grant the temporary writ, and appellants having made no motion to dissolve that writ and having prosecuted no appeal from that order, the judge's action as to the temporary writ became immaterial, for, as we have stated, the case afterwards went to trial upon its merits, the appellants themselves invoking the district court's jurisdiction and asking the court to adjudicate the title and right of possession to the property involved. After the court had adjudicated the title and right of possession in favor of the appellees, he then made permanent the temporary writ of injunction which had theretofore been granted. Unquestionably, the court was not without jurisdiction to do this, and we are at a loss to understand how the able counsel for appellants can contend to the contrary. But we are not conceding that even as to the temporary writ the appellees were not entitled thereto because, as asserted by appellants, their petition showed a lack of jurisdiction in the district judge to grant it.

[6, 7] It has been often held by the appellate courts in this state that district judges and district courts were in error in granting the writ of injunction which had the effect to dispossess one in peaceable possession of land by means of the writ of injunction before an adjudication of the title and right of possession, but it will be seen from all the authorities that the orders granting such writs were appealed from and the appellate court merely decided that the trial judge erroneously exercised the power vested in him in granting the writ of injunction, and not that the district judge or court was without power or jurisdiction to grant the writ. There is a vast distinction between the erroneous exercise of a court's power and the existence of the power itself. Templeton v. Ferguson, 33 S. W. 329, 89 Tex. 47; Pearson v. Lloyd (Tex. Civ. App.) 214 S. W. 759. Nor would it follow that it would be even erroneous in all cases for a district court or district judge to grant an injunction merely because the petitioner therefore might have a legal remedy. True, it is generally held in this state that, where the legal remedy which the petitioner has appears to be full, adequate, and complete, the injunction should be denied. Sumner v. Crawford, 41 S. W. 994, 91 Tex. 129; Buchanan v. Crow (Tex. Civ. App.) 241 S. W. 563; Tomlin v. Clay (Tex. Civ. App.) 167 S. W. 204; Red Ball Stage Lines v. Griffin (Tex. Civ. App.) 275 S. W. 454. But it is also the rule in this state that sometimes it is proper for the court to grant a mandatory temporary injunction to dispossess another who is in peaceable possession of land pending an adjudication of the title, and that the determination of that matter calls for the exercise of sound discretion of the court, but it will be subject to review by the appellate courts in case the discretion is abused. Hudspeth v. Gugenheim et al. (Tex. Civ. App.) 278 S. W. 952. It might be, though we are not deciding the point, that, if the order granting the temporary injunction in this case had been appealed from before the case went to trial upon its merits, as invoked by appellants, this court would have felt called upon to reverse the judgment in granting the temporary writ, which was in effect a mandatory writ requiring appellants to yield possession of the property involved to appellees. We say that we might have been called upon to do this, but are not deciding the point, because it is unnecessary to do so. It will be remembered, as we have shown, that it was alleged that appellants are wholly insolvent and have no means or property out of which they could be made to respond in damages to appellees, and we are not sure that the appellants would have been entitled to reversal, even if they had appealed from the order granting the temporary writ. But certainly, the case having been tried upon its merits, as requested and insisted upon by appellants, and the court having determined that the title and right of possession of the property involved was in the appellees, it cannot be reasonably contended that the trial court was without jurisdiction to make such adjudication and perpetuate the injunction theretofore granted.

[8] While counsel for appellants, in his lengthy and able brief in this case, presents a number of assignments of error, with their propositions, attacking the ruling of the court upon matters in the trial, we cannot consider them because we have been compelled to strike out the brief. Before we could dispose of any of these assignments we would be required to go through a very voluminous record, and we are not required to do that in order to determine whether or not there was error on the part of the trial court in instructing the verdict in favor of appellees as he did. Houston Oil Co. of Texas v. Kimball, 122 S. W. 533, 124 S. W. 85, 103 Tex. 94; W. L. Pearson & Co. v. City of Port Lawaca (Tex. Civ. App.) 250 S. W. 708; Ford & Damon v. Flewellen (Tex. Civ. App.) 264 S. W. 602; Ford & Damon v. Flewellyn (Tex. Com. App.) 276 S. W. 903.

No useful purpose would be served by protracting this opinion to a greater length, and it is ordered that the judgment of the trial court be affirmed.