### GARRISON TIE & TIMBER CO. et al. v. PARROTT et al. (No. 1419.)

(Court of Civil Appeals of Texas. Beaumont. Nov. 15, 1926. Rehearing Granted, and Submission and Judgment of Affirmance Set Aside Nov. 17, 1926.)

Appeal and error ⊙⟶773(4)—Judgment will be affirmed in absence of brief of appellant, no fundamental errors appearing.

Where appellant filed no brief presenting any error committed by trial court and no fundamental error was apparent on face of record, judgment will be affirmed.

Appeal from District Court, Nacogdoches County; C. A. Hodges, Judge.

Action by W. A. Parrott and another against the Garrison Tie & Timber Company and others. Judgment for plaintiffs, and defendants appeal. Affirmed.

S. M. Adams, of Nacogdoches, for appellants.

V. E. Middlebrook, of Nacogdoches, for appellees.

HIGHTOWER, C. J. This suit was filed in the district court of Nacogdoches county by the appellees, W. A. and A. R. Parrott, against the appellants, Belton Lattimer and Barnett Garrison, and the Garrison Tie & Timber Company, a partnership composed of Belton Lattimer and Barnett Garrison, to recover of appellants a money judgment for $8,500, with interest on that amount from June 1, 1922, at the rate of 6 per cent. per annum.

For cause of action, appellees alleged, in substance, that on or about April 1, 1922, they entered into a verbal contract with appellants, by the terms of which appellees agreed and bound themselves to purchase throughout east Texas and the western portion of Louisiana railroad cross-ties of certain dimensions and weight at the lowest price for which such ties could be purchased, not to exceed 23 cents per tie, and the ties not to exceed in weight 100 pounds. They further alleged that appellants, under the

terms of the verbal contract, were to furnish the money to pay for the ties, and also the money to pay freight charges thereon from the place where purchased to the points to which the ties were to be transported, and that appellants were to sell the ties and deduct from the proceeds of sales all moneys paid out by appellants as the purchase price for the ties, and also all moneys paid out by them as freight charges thereon, and, in addition to this, appellants were to deduct and retain from the sale price of the ties 2 cents on each tie net to them, and that appellants were to pay to appellees any and all moneys received for the ties sold by appellants over and above what they were to deduct as the cost of the ties and freight charges and 2 cents net to them as compensation to appellees for their services in purchasing the ties, under the terms of their verbal contract with appellants. Appellees then alleged that they entered upon the performance of the verbal contract between them and appellants and purchased many ties throughout east Texas and west Louisiana for appellants, under the terms of their verbal contract, and that such ties had been received and sold by appellants, but that appellants had failed and refused to pay appellees for their services in purchasing the ties, as they had agreed to do, and that the amount due them, under the terms of their verbal contract with appellants, was $8,500, for which amount they prayed recovery, with interest, as before stated. This is a sufficient statement, without going into further detail of the cause of action asserted by appellees.

Appellants answered by general demurrer, a number of special exceptions, a general denial, and further specially pleaded other matters, the details of which are unnecessary to mention.

The case was tried with a jury and was submitted upon special issues, and, upon the verdict, judgment was rendered in favor of appellee against appellants for $3,190, with interest on that amount from August 1, 1922, and it is from that judgment that this appeal is prosecuted.

The record was filed in this court January 22, 1926, but no brief has been filed by either of the parties to this appeal. Both the statement of facts and transcript are quite voluminous, and it would require much time and labor at the hands of this court to ascertain and determine the points upon which this reversal of the judgment is sought. Appellant has not suggested that there is any fundamental error apparent upon the face of the record, and we have discovered none, and therefore we are not authorized to reverse the trial court's judgment in this case. This court can only review the judgment of a trial court upon an

---

⊙⟶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

error or errors of law duly assigned, or because of fundamental error appearing upon the face of the record. Such has been the holding of all our appellate courts, including our Supreme Court. In the case of Waggoner Estate v. Sigler Oil Co., 284 S. W. 921, the Commission of Appeals, speaking through Justice Speer, among other things said:

"The right of the Court of Civil Appeals to reverse the judgment of a district court depends upon an error being assigned in the manner prescribed by law or the existence of an error appearing upon the face of the record, commonly referred to as fundamental error. Robertson [Roberson] v. Hughes (Tex. Com. App.) 231 S. W. 735. Unless error appears in one of these ways, that court has no power to reverse. An error which requires the Court of Civil Appeals to search the statement of facts is not that fundamental error which the court is required to examine. Ford & Damon v. Flewellen (Tex. Com. App.) 276 S. W. 903. If a Court of Civil Appeals is not required to search the record in support of such a pretended error, it is because the same is not fundamental, and, of course, if it is not fundamental, the court has no right to consider it, however willing it may be to do so."

As to what constitutes fundamental error apparent upon the face of the record, see Houston Oil Co. of Texas v. Kimball, 103 Tex. 94, 122 S. W. 533, 124 S. W. 85; Pearson & Co. v. City of Port Lavaca (Tex. Civ. App.) 250 S. W. 708; Ford & Damon v. Flewellen (Tex. Civ. App.) 264 S. W. 602; Blair v. Paggi (Tex. Civ. App.) 282 S. W. 630.

There being no brief for appellant presenting any error of law committed by the trial court, and there being no fundamental error apparent on the face of the record suggested by appellant or discovered by us, it follows that the judgment of the trial court should be affirmed, and it has been so ordered.