KAPLAN DRY GOODS CO. et al. v. SANGER BROS. et al. (No. 8261.)

(Court of Civil Appeals of Texas. Dallas. June 21, 1919.)

1. CORPORATIONS ⊂⊃487(1) — ULTRA VIRES CONTRACT—POOLING EARNINGS — PAYMENT OF DEBTS OF OTHER CONCERN.

Solvent mercantile corporation was not bound by its agreement to pool its earnings with earnings of other insolvent corporations for purpose of paying the debts of the several concerns, the only purpose being to lend financial aid to other concerns, in violation of Vernon's Sayles' Ann. Civ. St. 1914, art. 1164, and the ultra vires act thereby contemplated being of no benefit to the corporation, and working no loss to the other concerns.

2. CORPORATIONS ⊂⊃599—VIOLATION OF STATUTE—FORFEITURE OF LICENSE.

Act of mercantile corporation in entering pool to lend financial aid to other concerns, in violation of Vernon's Sayles' Ann. Civ. St. 1914, art. 1164, may form the basis of a suit to forfeit its permit or license.

3. CORPORATIONS ⊂⊃370(1)—POWER—LIMITATION BY CHARTER—ULTRA VIRES ACTS.

A private corporation has only such powers as are conferred by its charter, and any act beyond those powers expressly conferred or fairly implied is ultra vires and ordinarily void.

4. CORPORATIONS ⊂⊃484(1) — ULTRA VIRES ACTS—PAYMENT OF INDEBTEDNESS OF OTHER CONCERNS.

A corporation organized for sole purpose of conducting mercantile business has no authority to pledge its assets to pay debts other than its own.

5. CORPORATIONS ⊂⊃385 — ULTRA VIRES ACTS —AVAILABILITY OF DEFENSE.

Defense of ultra vires is not available, where the ultra vires act has been a benefit to the corporation seeking to avail itself thereof, or has worked legal wrong, injustice, or loss to other contracting party.

6. CORPORATIONS ⊂⊃487(1) — ULTRA VIRES ACT—RECOVERY OF PROCEEDS OF BUSINESS —EVIDENCE.

Solvent mercantile corporation, which has delivered its stock to creditors' committee with authority to conduct business and pool proceeds with proceeds of other insolvent concerns being conducted by it for the purpose of paying the debts of the several concerns, cannot recover from the committee the proceeds of its business without proof of the amount derived from sales in its business.

Appeal from District Court, Dallas County; Kenneth Foree, Judge.

Action by the Kaplan Dry Goods Company and others against Sanger Bros. and others. Judgment for defendants, and plaintiffs appeal. Affirmed in part; reversed and rendered in part.

H. W. Williams, of Brownsville, for appellants.

Synnott & Duggan and Sam A. Leake, all of Dallas, for appellees.

RASBURY, J. In the year 1918 Kaplan Dry Goods Company, a private corporation, owned and was conducting a mercantile business in Brownsville, for which purpose alone it was incorporated. Its corporate stock was owned by M. T. Kaplan, his wife, Joe Kaplan, and Max Kaplan. At the same time M. T. and Max Kaplan conducted a like business at Laredo under the firm name of Kaplan Bros., one at San Antonio, under the firm name of Eastern Jobbing Company, and one at Waco under the firm name of Kaplan Bros., while M. T. Kaplan conducted in his individual name a like business at Hearne. During the year indicated all the enumerated concerns, save appellant, the Brownsville corporation, were in financial straits. Omitting details, all the concerns, after negotiat-

---

⊂⊃For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

ing with their creditors, which numbered approximately 150, delivered their stocks of merchandise to a committee selected by their creditors, authorizing such committee to conduct the several businesses and pool and use all funds derived therefrom in paying the debts of all concerns pro rata, without reference to which concern contracted the debt. The several businesses were so conducted from May, 1918, to December, 1918, at which time the officers and stockholders of appellant, which from the inception of the plan was solvent and able to meet its obligations, demanded the return of that business and the payment to them of certain funds in the hands of the committee. At that time the committee had collected and distributed an amount equal to 35 per cent. of all the debts of all the concerns, and had on hand for distribution $5,000. About the same time the Waco business, into which all other merchandise save that owned by appellant, the Kaplan Dry Goods Company, had been merged, was placed in bankruptcy, and hence taken from the control of the committee. Thereafter this suit was instituted by appellant, the corporation, and all its stockholders to recover its merchandise at Brownsville and the fund then held by the committee. The relief was denied. Hence this appeal.

[1-4] The first issue to be decided is, Was the appellant, the corporation, entitled, under the facts recited, to possession of its stock of merchandise? We think it was. Conceding but not determining that the arrangement made by the several concerns is one that would ordinarily bind them, even in the absence of any conveyance passing title to the property, we nevertheless conclude appellant, the corporation, was not bound by the plan or agreement because it contemplated ultra vires acts. The evidence, without controversy, discloses that appellant was solvent and able to meet its obligations, if that fact is of any controlling force, which we do not concede, and that its sole purpose in entering the pool was to lend financial aid to the other concerns, which incidentally is forbidden by the statute, and may form the basis of a suit to forfeit its permit or license. Article 1164, Vernon's Sayles' Civ. Stats. It is an elementary rule that the powers of a private corporation are only such as its charter confers, and any act, for reasons too well settled to enumerate, beyond those powers expressly conferred or fairly implied, is ultra vires and ordinarily void. As we have said, appellant's authority was to conduct a mercantile business. It had no authority to pledge its assets to pay debts other than its own.

[5] There are of course limitations of the rule arising in equity, such, for example, as estoppel, or those numerous cases to be found in the books where the corporation has received the consideration of or some benefit from the ultra vires act, and to avoid which would work a legal wrong, injustice, or loss to the other contracting party. In such cases the defense of ultra vires is not looked upon with favor, and will not be enforced. In the present case, however, such conditions are wholly absent. The appellant received nothing. It will certainly work no injustice to the other concerns to restore to the appellant what remains of its property unlawfully pledged to the payment of the debts of such others.

[6] It is next urged that the court erred in refusing to direct the creditors' committee to pay over to appellant the $5,000 in their hands. All that can be ascertained from the evidence concerning this sum is that it came from the sale of merchandise from the several businesses. No attempt was made below to trace or disclose the amount derived from sales in appellant's business in Brownsville. It was appellant's duty to make that proof which presumably was not difficult, since the books of the Brownsville business were available as evidence. No such proof having been made, it occurs to us that the court did not err in the respect stated.

The judgment of the trial court denying appellant possession of the merchandise in the store at Brownsville is set aside and that court directed to restore such possession by appropriate decree. Otherwise the judgment is affirmed.

Affirmed in part; reversed and rendered in part.