**SOUTHERN CASUALTY CO. v. HENRY.**
(No. 1276.)

(Court of Civil Appeals of Texas. Beaumont. July 13, 1925. Rehearing Denied Oct. 14, 1925.)

1. **Master and servant** ⬌417(1)—**Suit to set aside award held not on contract of insurance but for compensation.**

Where plaintiff, on death of her husband from injury, was denied claim for compensation by employer's insurance company, and thereupon asserted her claim before the Industrial Accident Board, and on being denied award brought suit to set aside judgment of the board, her suit is not simply on contract of insurance, but one for compensation under Employers' Liability Act (Vernon's Sayles' Ann. Civ. St. 1914, arts. 5246h–5246zzzz).

2. **Admiralty** ⬌10—**Employee doing maritime work cannot sue in state court on employer's contract of insurance under state compensation law.**

Where a longshoreman was injured while placing cargo on British steamer in navigable waters, he was performing work of maritime nature, and is deemed to have contracted in contemplation of general maritime law, so that state court did not have jurisdiction in suit for injuries on a contract of insurance held by employer, since such contract did not contemplate payment outside of Employers' Liability Act (Vernon's Sayles' Ann. Civ. St. 1914, arts. 5246h–5246zzzz), and jurisdiction cannot be given or taken from a court by contract.

Appeal from District Court, Jefferson County; Geo. C. O'Brien, Judge.

Suit by Alice Henry against the Southern Casualty Company to set aside a judgment and annul an award in favor of defendant by the Industrial Accident Board, on a

claim filed before the Board by plaintiff for compensation under the Employers' Liability Act for injuries and death of her husband. From a judgment setting aside the final award of the Board and awarding damages, the defendant appeals. Reversed and rendered.

Howth, Adams & Hart, of Beaumont, for appellant.

G. L. Howell, Tom C. Stephenson, and C. A. Lord, all of Beaumont, for appellee.

O'QUINN, J. The appellee, Alice Henry, brought this suit in the district court of Jefferson county, Tex., against appellant, Southern Casualty Company, praying for a judgment setting aside and annulling an award made in favor of appellant, Southern Casualty Company, by the Industrial Accident Board of this state upon a claim filed before said Board by said Alice Henry for compensation under the Employers' Liability Act of this state (Vernon's Sayles' Ann. Civ. St. 1914, arts. 5246h–5246zzzz), because of injuries and death of one Wymath Henry, husband of Alice Henry.

Due notice of the death of Wymath Henry was given to the Southern Casualty Company, and it denied liability before said Board on the ground that Wymath Henry, at the time of his death, was engaged in the performance of a maritime contract, and that the injuries which caused his death were maritime in their nature, and that therefore the Employers' Liability Act of this state had no application to the claim, and that the Industrial Accident Board had no jurisdiction of the claim, and was without authority to make an award in her favor.

After the Industrial Accident Board had made its final ruling denying an award to said claimant, Alice Henry, she gave due and legal notice that she would not abide by the award so given, and this suit was duly filed to set aside the award.

Appellant, the Southern Casualty Company, answered by plea to the jurisdiction of the district court of Jefferson county, Tex., alleging that appellee's cause of action, as pleaded, and as a matter of fact, was within the exclusive jurisdiction of the United States District Court in and for the Eastern District of Texas, and cognizable in that court only, and that same was not within the jurisdiction of the state district court, fully pleading the matters of fact showing same, and further pleading, if said plea to the jurisdiction was overruled, a general demurrer and general denial. The court overruled the plea to the jurisdiction, and the cause was tried before the court without a jury, and judgment rendered in favor of appellee setting aside the final award of the Industrial Accident Board, and awarding her judgment for $5,552.26 in a lump sum, and apportioning said judgment between appellee and her attorneys, one-third to her attorneys and two-thirds to appellee.

Motion for new trial was overruled, and the case is before us for review on appeal.

Appellant presents the following proposition for a reversal and rendition of the judgment:

"It being undisputed that deceased was working in the course of his employment in the hold of the S. S. Union City, then and there on navigable waters of the United States, within the territorial limits of the state of Texas, and engaged in loading said vessel for interstate and international commerce on the high seas, and said work being directly connected with such navigation and commerce on the high seas, the said cause was and is within the exclusive admiralty jurisdiction of the United States District Court in and for the Eastern District of Texas, and the trial court was wholly without jurisdiction to try and determine same."

The record contains the following agreement as to the facts:

"It is agreed between the parties that on the 12th day of March, 1924, Wymath Henry, the deceased, was in the employ of C. Flanagan & Sons, and that on that day he received a personal injury while in the course of his employment from which he died within a few hours thereafter; that the plaintiff in this suit, Alice Henry, was the wife of Wymath Henry, and that she timely made claim for compensation as under the compensation law of this state, and that she timely gave notice of the injury and death of her husband, as required by the compensation law, and that the accident board entered its final judgment and award in due course; that the plaintiff, Alice Henry, not being willing to abide by the ruling and decision of the accident board, which denied her compensation on the ground that the cause came exclusively within the jurisdiction of the United States, duly and timely gave notice, and within 20 days after the award was made, to the adverse parties, and to the accident board, that she was not willing to abide by the ruling, and that she would bring a suit in a court of competent jurisdiction in Jefferson county, Tex., to set aside the award; and that thereafter, duly and timely, and within 20 days from the time she gave such notice, this suit was filed to set aside the award.

"It is agreed that at the time Wymath Henry received his injuries, he was on board the British steamer, Union City, which was then moored in the harbor in the Neches river at Port Neches, in Jefferson county, Tex., and that said waters are navigable waters of the United States, and that the deceased, in the course of his employment as a longshoreman with C. Flanagan & Sons, his employer, was then and there in the due course of his employment, and was engaged in placing and stowing cargo on the said British steamer, and was at said time in the hold of said ship, in the course of said work of loading same for interstate and international commerce and transportation; that he died as a result of his injuries on the same day, a few hours afterwards, and in the hospital at Port Arthur, in Jefferson county, Tex.

"It is also agreed that the average weekly wages of the deceased, Wymath Henry, was

$30, and, if plaintiff is entitled to recover in this suit, the recovery shall be based upon such weekly wages.

"It is also agreed that plaintiff has been represented by Howell & Stephenson and C. A. Lord, attorneys, and that plaintiff has agreed with them to pay them one-third of all sums recovered in this case."

To this agreement it should be added that the deceased's employers, C. Flanagan & Sons, at the time he received his injuries from which he died, were carrying with the appellant, Southern Casualty Company, a policy of insurance covering its employees, in accordance with the Employers' Liability Act of Texas.

Appellant contends that upon the foregoing undisputed facts, Henry, at the time he received the injuries resulting in his death, was engaged in the performance of a contract which was maritime in nature, and that the injuries that caused his death were also maritime in nature, and that the rights and liabilities of the parties were matters clearly within the admiralty jurisdiction; wherefore the Employers' Liability Act of this state has no application to the claim asserted by appellee herein, and that the court below erred in overruling its plea to the jurisdiction of the court, and was without jurisdiction to hear and determine the cause under the facts shown by the record, and that therefore appellant was not liable.

The contention of appellant is based upon the holding of the numerous cited cases, among which is the recent case of Bell v. Southern Casualty Co. (Tex. Civ. App.) 267 S. W. 531 (writ denied), decided by this court. The facts in the Bell Case are on all fours with the facts of the instant case, and we believe that the holding there controls and decides this case.

But appellee insists that the decision in the Bell Case does not control, because the instant case is not one for compensation under the state Compensation Act, but is an action on an insurance policy, and the contractual relations thereby created. Her counter proposition is:

"The employer, C. Flanagan & Sons, by the express terms of the insurance policy in question, had accepted and agreed to continue to operate under the Workmen's Compensation Law of the state of Texas, and the appellant had issued to said employer its insurance policy covering all of the employees of said employer, and thereby the appellant agreed to pay the appellee the benefits arising under said policy in sums equivalent to the amount of compensation allowed under the compensation laws c. this state; hence all of the terms of said insurance policy inured to the benefit of the employees of said employer, and their beneficiaries in case of their death, and this suit was brought upon the said insurance policy, and the right of recovery is based upon the said insurance policy, and the contractual relations thereby created, and the district court had jurisdiction and power to render the judgment it did render."

In support of her contention, she points us to the following provision of the insurance policy:

"Southern Casualty Company, Alexandria, La. (hereinafter called the company) does hereby agree with the employer (hereinafter called the employer) named and described as such in the declarations hereinafter set forth and hereby made a part hereof, as respects personal injuries sustained by employees, including death at any time resulting therefrom, as follows:

"*Compensation.* 1. To pay in the manner provided by the laws of such states or commonwealths of the United States as are in force at the time this policy takes effect or any subsequent amendments thereto, as are designated in item 3 of the Declarations of this policy, commonly known as Workmen's Compensation Laws, any sum due or to become due from the employer by such laws. It is agreed that all of the provisions of such laws covered hereby shall be a part of this contract as fully and completely as though written herein, so far as they apply to compensation for any personal injury or death covered by this policy while it shall remain in force. This obligation for compensation shall include all provisions of such laws respecting funeral expenses, medical, surgical, and other attendance and treatment, nurse and hospital services, medicines, crutches, and apparatus.

"Compensation will be paid by the company as required by law in the event that the Workmen's Compensation Law of any state or commonwealth named in item 3 of the declarations is officially declared extraterritorial in jurisdiction."

[1] We do not believe that appellee's contention can be sustained. In the first place, this must be held to be a suit for compensation as under the Workmen's Compensation Act, and not a suit simply on an insurance policy. Claim was made to the insurance company for compensation. This being denied, claim was asserted before the State Industrial Accident Board, set down and heard regularly, and compensation refused because of want of jurisdiction. Appellee then gave notice that she would not abide the judgment of the board, and filed this suit for the purpose of setting aside said award and judgment of the board, her petition praying:

"That the said ruling, decision, and award of said Industrial Accident Board be set aside, vacated, annulled, and held for naught, and that she have her judgment, etc."

All the procedure was in accordance with the Compensation Act. If, as contended by appellee, the suit was intended to be and was simply a suit on a contract of insurance, why was it brought in the manner and form of a claim before the Industrial Accident Board, and all the proceedings had under the provisions of the statute regulating such claims?

[2] Again, the contention of appellee that the decision in the Bell Case does not control, and that this is a suit on a contract of in-

surance, of which the district court of Jefferson county had jurisdiction, cannot be sustained, because where the servant is injured while performing work of a maritime nature, or while employed under a maritime contract, the parties must be deemed to have contracted with each other in contemplation of the general system of maritime law, and with the knowledge that their respective rights and liabilities would be measured and defined by that law. The contract of insurance in the instant case is embodied in the usual form used for compensation insurance contracts under the statute of this state, and we do not think it was contemplated as merely contracting to insure against injury, and to pay as per the terms of the state Compensation Act aside from and outside of the statute. But, if such could be said to have been the intent of the parties at the time the policy was issued, then it was without avail, for jurisdiction cannot be given to or taken from a court by consent or contract.

The judgment of the court below should be reversed and judgment here rendered for appellant, and it is so ordered.

Reversed and rendered.