LAWSON v. DANIEL RIPLEY & CO., Inc..
(No. 9008.)

Court of Civil Appeals of Texas. Galveston. Nov. 16, 1927.

1. **Appeal and error ⬉742(6)—General assignment as to directing verdict, not constituting proposition within itself, and not followed by one specifying its ground, held not entitled to consideration (rules for Courts of Civil Appeals 24–26).**

Assignment that court erred in sustaining defendant's motion to instruct jury to find for defendant and in entering judgment for defendant, which did not constitute proposition within itself, and was not followed by assignment of error so distinctly specifying ground of it as to enable court to determine just what specific error was raised, held not entitled to consideration under rules for Courts of Civil Appeals 24–26.

2. **Insurance ⬉36—Injured employee, who accepted money from insurance company for releasing insurance company and employer from liability, held estopped to claim transaction was ultra vires.**

Employee, injured while loading cotton on ship in navigable waters, who accepted money from insurance company for releasing insurance company and employer from all liability, held estopped in common-law action for damages to claim that transaction was ultra vires, even if payment of money to him was without consideration as between insurance company and employer.

3. **Admiralty ⬉20—Employee, injured while loading cotton on ship in navigable waters, had no right to compensation under Employers' Liability Law (Vernon's Ann. Civ. St. 1925, arts. 8306–8309).**

Employee of company engaged in loading cotton on ship, owned by United States Shipping Board, and anchored in navigable waters, who was injured while at work, held to have had no right to compensation under Employers'

Liability Law (Vernon's Ann. Civ. St. 1925, arts. 8306–8309).

4. **Release ⬉2—Where employee claimed compensation under State Employers' Liability Law, employer could settle all claims by having insurance carrier pay for release, notwithstanding there was no liability under that law (Employers' Liability Law [Vernon's Ann. Civ. St. 1925, arts. 8306–8309]).**

Where the employee claimed right to compensation for injuries under Employers' Liability Law (Vernon's Ann. Civ. St. 1925, arts. 8306–8309), the employer could settle that claim, and also all common-law and maritime damage claims, by having insurance carrier pay for release, notwithstanding there was actually no liability under the Employers' Liability Law.

5. **Corporations ⬉487(1)—Ultra vires contracts are not always void as to everybody and for all purposes.**

Contract ultra vires the power of a corporation is not always absolutely void as to everybody and for all purposes.

6. **Release ⬉55—Fraud in persuading injured employee to sign release will not be presumed.**

Fraud in persuading injured employee to sign release of all claims against employer will not be presumed, but must be actually proved.

7. **Evidence ⬉75—Where party fails to produce relevant written statement, or show its purport, presumption is that it would not aid him.**

Where party fails to produce written statement relevant on contested issue, and also fails to show its purport, the presumption is that it would not have aided him.

8. **Release ⬉58(6)—Evidence of fraud in inducing employee, injured while loading cotton on ship, to sign release of all claims against employer on payment of money, held insufficient for jury.**

Evidence of fraud, in common-law action for injuries in inducing employee, injured while loading cotton on ship in navigable waters, to sign release of all claims against employer on payment of certain sum by insurance company, held insufficient for jury.

Appeal from District Court, Harris County; Ray F. Campbell, Judge.

Action by B. F. Lawson against Daniel Ripley & Co., Inc. Judgment for defendant, and plaintiff appeals. Affirmed.

Geo. G. & M. E. Clough, of Houston, and Thos. C. Turnley, of Galveston, for appellant.

Andrews, Streetman, Logue & Mobley, and Morris, Sewell & Morris, all of Houston, for appellee.

GRAVES, J. The steamship Cody, owned by the United States Shipping Board, while anchored at the port of Houston in navigable waters, was being loaded with cotton by the appellee, a private corporation, as a stevedore, and appellant, as its employee, was engaged in placing the cotton in the hold of the

vessel under the hatchways. In this action he sought damages as at common law for personal injuries alleged to have been sustained by him as a result of the appellee's negligence in permitting the hatches above him, which he charged were too short to be safe and not properly fastened, to fall down upon him, and so seriously hurt as to permanently incapacitate him for labor.

The appellee, among other defenses not requiring particularization, pleaded the execution by appellant of a complete release of his cause of action so asserted, in consideration of $750 paid him for it by the Texas Employers' Insurance Association, along with the latter's obligation to further pay his medical and doctor's bills.

In a further pleading the appellant declared the release not binding upon him, because: (1) It was obtained by fraud; (2) was the product of a mutual mistake; and (3) was void for the reason that the payment of the money of the insurance association was ultra vires its powers.

At the close of plaintiff's evidence, the court, upon motion, instructed a verdict for the defendant, and the judgment now challenged duly followed.

[1] On the appeal, two propositions looking to a reversal, the first one consisting merely of the language itself of the assignment, and the second of an averment that the release involved is void, are sought to be submitted under this assignment:

"The court erred in sustaining, and in not overruling, the motion of the defendant for the court to instruct the jury to find for the defendant on the undisputed evidence and in entering judgment for defendant thereon."

This assignment is not entitled to consideration, being too general to constitute a proposition within itself, and not being followed by one so distinctly specifying the ground of it as to enable this court to determine just what specific error is attempted to be raised. Rules 24–26, inclusive, for Courts of Civil Appeals.

If it were considered, however, it could not be sustained. In our opinion, the evidence adduced was insufficient to avoid the release as having been induced by fraud, and, in the circumstances, it could not be set aside as being ultra vires.

These are the only two grounds of attack urged against the judgment, it being argued under the first of them that the release was procured by fraud, and under the second that it was invalid as an ultra vires act on the part of the Insurance Association. Comment upon them in reverse order to that of presentation is preferred.

[2] Under appellant's case, as made by both his pleading and proof, the contract evidenced by the release—which upon its face was not only a valid agreement, but also comprehends a lawful purpose—was a fully executed transaction on both sides, he having received and appropriated the stipulated consideration, and the insurance corporation having accepted his acquittance of any further liability for itself and its principal, the appellee. These supervening facts estopped appellant from claiming that the contract was beyond the power of the corporation to execute, even if the payment of the money to him was without consideration as between the Insurance Association and Ripley & Co., since its terms plainly specified that the latter, along with the former, was thereby being relieved of all forms of liability to him arising out of his injury. Mitchell v. Zurn (Tex. Com. App.) 221 S. W. 954; 14A Corpus Juris, p. 314; 14A Corpus Juris, p. 315; Eddleman v. Wofford (Tex. Civ. App.) 217 S. W. 221; 14A Corpus Juris, p. 319; 14A Corpus Juris, p. 330, and Texas cases cited in note 29.

[3] Under this conclusion, it becomes unnecessary to determine whether or not the transaction upon the Association's part was ultra vires as between the two corporations; appellant being in no position to raise that question. It seems that he in fact had no right under the compensation law, the injury having occurred on board a ship in navigable waters of the United States (Bell v. Casualty Co. [Tex. Civ. App.] 267 S. W. 531, writ of error refused; Southern Casualty Co. v. Henry [Tex. Civ. App.] 276 S. W. 336; Peters v. Veasey, 251 U. S. 121, 40 S. Ct. 65, 64 L. Ed. 180), but, by the uncontroverted evidence adduced by himself, he maintained that he did have his dealings with the insurance company as the representative of Ripley & Co., and took the money it paid in expressly stipulated settlement of that claim, as well as of all common-law and maritime damages.

[4] In these circumstances we think the appellee was not interdicted from so settling all the claims he was making as having accrued to him by reason of this injury.

[5] Appellant contends in this connection that a contract ultra vires the powers of a corporation is not merely voidable, but affirmatively illegal, and on that account absolutely void as to everybody and for all purposes, even though the rights of an innocent person intervene, citing in support as the leading Texas cases Kaplan v. Sanger (Tex. Civ. App.) 214 S. W. 485, and Zurn v. Mitchell (Tex. Civ. App.) 196 S. W. 544.

But these authorities do not sustain so broad a proposition—quite the contrary. The Kaplan suit was by the corporation itself to avoid an undertaking by which it had turned over its stock of merchandise to secure the debts of other firms, without benefit to itself. All the court held was that this act was clearly ultra vires, and gave the corporation, in a direct proceeding by it with that objective, the right to have its own goods returned to it, but in doing so thus referred to conditions under which the principle there controlling is inapplicable here:

"There are of course limitations of the rule arising in equity, such, for example, as estoppel, or those numerous cases to be found in the books where the corporation has received the consideration of or some benefit from the ultra vires act, and to avoid which would work a legal wrong, injustice, or loss to the other contracting party. In such cases the defense of ultra vires is not looked upon with favor, and will not be enforced. In the present case, however, such conditions are wholly absent. The appellant received nothing. It will certainly work no injustice to the other concerns to restore to the appellant what remains of its property unlawfully pledged to the payment of the debts of such others."

The holding by the Court of Civil Appeals in the Zurn v. Mitchell Case, so relied upon, was directly overturned by the Supreme Court on writ of error. It determined that such a contract, while beyond the authority of the corporation to make, was neither illegal, against public policy, nor void against all parties for all purposes, but was enforceable against a surety thereon, and generally subject to the rules just adverted to in the quotation from the opinion in the Kaplan Case.

Recurrence is now had to the claim for fraud. While somewhat rambling and indefinite, appellant's pleading was sufficient to charge that the insurance association's agent and attorney, both of whom he averred he had approached solely for an adjustment of what he then deemed was due him in the way of compensation under the Employers' Liability Law (Vernon's Ann. Civ. St. 1925, arts. 8306–8309), without mentioning his employer, Ripley & Co., by various inducing statements from first one and then the other of them, such as, first, that the association was not liable, and later that he should have been drawing compensation all the time, that $750 and his medical expenses would be about right, as he would probably be starved out by a long fight if he went to law about the matter, that a doctor's report to the association showed his injuries to be so slight that he would soon be able to resume work, etc., wrongfully and fraudulently induced him to sign without reading a paper that released Ripley & Co. from common-law damages, which fact was concealed from him, he thinking that he was only therein settling his claim for compensation.

[6] When it came to the proof, however, we agree with the learned trial judge that he failed to adduce sufficient evidence to raise a material issue of fact for the jury concerning these allegations of fraud. Only he and his wife were witnesses on this phase of the case. Certain it is, we think, that what they both testified to could not do as much as raise a mere surmise that any misleading statement was made to him that induced him to sign a paper, the full purport of which he did not understand. Fraud in such transactions will not be presumed; it must be actually proven.

[7, 8] It is deemed unnecessary to review at length their testimony, but only to mention its controlling features. They themselves make indisputable these findings: (1) That there is not a scintilla of evidence indicating that the attorney's statement to appellant that the doctor said he would soon be able to resume work was untrue. Appellant himself brought this written statement to the attorney, saw and heard him read it, and then failed on the trial either to produce it or otherwise show its purport. Under a well-recognized rule, the presumption is that it would not have aided him. (2) That neither the agent nor the attorney for the insurance association represented that the settlement evidenced by the release was only for compensation, not for common-law liability, because both appellant and his wife testified that these two representatives separately told them at each interview that the association owed him nothing, that his claim constituted a maritime case. (3) There was no support under the averment that, by not reading the release to appellant, the attorney led him into signing an acquittance of Ripley & Co., under the pretense that he was only relieving the insurance association. In the first place, the instrument itself, as well as the check for the money carrying it out, both of which were in evidence, more than once expressly recites that it releases Ripley & Co., both from common-law and maritime damages. In the second, appellant declined to testify either that he told the attorney he could not read himself, or that the latter did not have the release read over to him, stating, under oath, "I would not say it was not read. I do not recall." See the recent case of Insurance Co. v. Peck (Tex. Civ. App.) 296 S. W. 338. Instead, therefore, of finding evidence in this record sufficient to affirmatively raise an issue of fraud, we find appellant and his wife themselves so negativing the imputation even of it as to take that question out of consideration. There was nothing left; hence the trial court did not err in giving the peremptory instruction. The judgment has been affirmed.

Affirmed.