## FORD & DAMON v. FLEWELLEN.
### (No. 8558.)

(Court of Civil Appeals of Texas. Galveston.
June 19, 1924. Rehearing Denied
July 2, 1924.)

**1. Appeal and error ☞745, 759—Mere bill of exceptions without assignments of error in trial court held not reviewable.**

Preparation of a mere bill of exceptions, without filing in the trial court, or carrying forward, in appellant's brief, assignments of error, directly violates Rev. St. art. 1612, and rules 23, 24, and 25, Court of Civil Appeals, precluding review, unless the record discloses fundamental error.

**2. Appeal and error ☞753(2), 766—Failure to file assignments of error held to require affirmance of judgment.**

Where appellant failed to file assignments of error in the trial court and carry them forward in his brief, and the trial court had jurisdiction of the parties and controversy, and pleadings authorized the judgment, *held*, that the appellate court could not be required to hunt through the facts for errors, and judgment must be affirmed.

Appeal from District Court, Harris County; Ewing Boyd, Judge.

Action by Ford & Damon, a copartnership, composed of D. A. Ford and B. F. Damon, against E. A. Flewellen. Judgment on directed verdict for defendant, and plaintiff appeals. Affirmed.

Johnson & Gilmore, of Houston, for appellant.

Boyles, Brown & Scott and Pat. N. Fahey, all of Houston, for appellee.

GRAVES, J. A concededly correct statement, in substance, of the nature and result of the suit is taken from appellant's brief as follows:

"This suit was filed in the Fifty-Fifth district court of Harris county by appellants, D. A. Ford and B. F. Damon, against appellee, E. A. Flewellen, to recover commissions for the sale of certain real estate in the city of Houston, alleged in one count, and for certain profits growing out of a specific contract which would have inured to plaintiffs by reason of their procuring a purchaser for defendant's property. The allegations of plaintiffs' original petition were substantially as follows:

"That D. A. Ford and B. F. Damon compose the copartnership firm of Ford & Damon, and were engaged in making sales and procuring purchasers for real estate in the city of Houston, and that on or about the 10th day of September, A. D. 1922, appellee, the defendant in the lower court, represented to plaintiff that he was the owner in fee simple of lots No. 1 and No. 2 in block No. 48, south side of Buffalo bayou, Houston, Harris county, Tex., and that he was desirous of selling said property, and pursuant thereto listed the same with

appellants, plaintiffs in the lower court, for sale upon the following terms and conditions, to wit: Defendant promised and agreed that, if plaintiffs could procure and would procure a purchaser for his property at the price of $60,000 cash, defendant would purchase from plaintiffs a certain house and lot situated on West Alabama avenue in Montrose addition to the city of Houston, and plaintiffs and defendant mutually agreed and understood that, if they procured a purchaser for defendant's property, plaintiffs would take their commission for the sale of defendant's property out of profits made upon the house and lot belonging to plaintiffs, situated on West Alabama avenue, and that in that event they would charge defendant no further commission, and defendant would owe them no further commission, but, however, if defendant failed and refused to purchase plaintiffs' house, should they procure a purchaser for defendant's property, then it is alleged that defendant promised and agreed to pay plaintiffs 5 per cent. commission on the proceeds of the sale of his property. That pursuant to said agreement plaintiffs did procure a purchaser for defendant's property on terms and conditions wholly satisfactory to defendant, and that they were the efficient and procuring cause of said sale. That after said sale defendant failed and refused to take plaintiffs' house and lot on West Alabama avenue, and failed and refused to pay plaintiffs any commission whatever for the sale of his property.

"In another count, to wit, paragraph No. VI of plaintiffs' original petition, they allege that in the event they be mistaken as to the definite agreement on the part of defendant to pay them the sum of 5 per cent. commission on said sale, in that event they allege that they were the efficient and procuring cause of said sale being made by the defendant to one J. W. Sanders, and that the defendant expressly and impliedly contracted and became bound to pay them, and they are entitled to recover the same, the usual, customary, and reasonable commission for their services rendered to defendant, and they further allege that 5 per cent. commission on the gross receipts of said sale is the usual, customary charge, and that said charge is reasonable for such services rendered, and they ask for judgment of 5 per cent. commission on the gross receipts of said sale, to wit, a total commission of $2,500; that by reason of the agreement, hereinbefore set out, and by reason of the services rendered said defendant by plaintiffs, and by reason of the plaintiffs being the procuring and efficient cause of said sale of said land, the defendant then and there became liable and promised to pay plaintiffs the sum of $2,500.

"In the prayer of plaintiffs' original petition they ask for judgment for their debt and commission justly earned, and for such other and further relief in law and in equity as they may be entitled to under the proof. Defendant answered by general demurrer and general denial.

"After all parties had answered ready for trial, and during the progress of the trial, plaintiffs asked and obtained leave of the court to file a trial amendment, setting out more spe-

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

cifically the exact terms of their contract with defendant, and in their prayer to said trial amendment they prayed that they recover of the defendant their profit in their house on West Alabama avenue, which profit on the price given defendant would have been $2,500, and further prayed the court that in the alternative they recover their reasonable compensation for procuring a purchaser for defendant's property, to wit, the sum of $2,500, or 5 per cent. commission on the sale price of the same as prayed for in their original petition, and that they have such other and further relief in law and in equity as they may be justly entitled to.

. "After all testimony had been introduced and both sides had rested their case, the defendant moved and prayed the court to instruct the jury to render the verdict for the defendant, and, the court having indicated that plaintiffs' plea on quantum meruit was insufficient, the plaintiffs insisted that they were entitled to go to the jury on their plea of quantum meruit, whereupon the court stated that in his judgment the plaintiffs' petition did not set up a cause of action on quantum meruit. Plaintiffs insisted that such plea was sufficient in view of the fact that no special exception had been made to the same, and further requested the court to state in what respect, if any, the plea of quantum meruit was defective. Plaintiffs further requested and moved the court that they be permitted to file a trial amendment on the plea of quantum meruit, and which trial amendment would set up no new facts and call for no further testimony, but which trial amendment would only change the form of plaintiffs' plea on quantum meruit, and which request and motion was by the court refused and overruled.

"Defendant's motion for an instructed verdict was granted, judgment in his favor following in due course, from which plaintiffs have duly perfected their appeal."

[1] Appellants advance a number of propositions in their brief on which they predicate their contention for a reversal, but at the outset they are met with the objection from appellee that they neither filed any assignment of error in the trial court nor has one been carried forward into their brief filed in this court. An examination of the record verifies the statement; all that appears is a bill of exceptions relating to the refusal of the court below to allow plaintiffs to file a second trial amendment relative to their plea of quantum meruit. This procedure for appeal directly violates R. S. art. 1612, and rules 23, 24, and 25 for the Courts of Civil Appeals. We know of no authority for the consideration of a mere bill of exceptions in lieu of the assignments of error required by the statute and these rules, even if the one in this instance could be regarded as raising the issues appellants present.

[2] There is therefore nothing for this court to review, unless the record discloses some fundamental error, of which cognizance should be taken without an assignment. There is none; the trial court had jurisdiction of the parties and of the controversy; the judgment is one it had the power to render under the pleadings; and this court, without going through the entire statement of facts, is unable to say that any action prejudicial to the rights of appellants was taken. In such circumstances our Supreme Court has uniformly held that no error of law apparent upon the record appears, and that a Court of Civil Appeals is not required to hunt through the statement of facts. Houston Oil Co. v. Kimball, 103 Tex. 94, 122 S. W. 533, 124 S. W. 85.

It follows that the judgment should be affirmed. That order has accordingly been entered.

Affirmed.