**FORD & DAMON v. FLEWELLEN.**
(No. 540–4280.)

(Commission of Appeals of Texas, Section B. Nov. 4, 1925.)

1. **Courts** ⚖️247(6)—Holding of Court of Civil Appeals held not in conflict with any decisions of Supreme Court.

Holding by Court of Civil Appeals that, where no assignment of error was filed and trial court had jurisdiction of parties and of controversy, and the pleadings authorized the judgment so that only method of determining whether fundamental error has been committed is by going through entire statement of facts, the judgment will be affirmed, is not in conflict with any other decisions of Supreme Court.

2. **Appeal and error** ⚖️719(1) — Appellate court not required to search entire statement of facts for fundamental error.

When only method of determining whether fundamental error has been committed is by going through entire statement of facts, there being no assignment of errors, appellate court is not required to pass on that question.

Error to Court of Civil Appeals of First Supreme Judicial District.

Action by Ford & Damon against E. A. Flewellen. Judgment of the district court for defendant on a directed verdict was affirmed by the Court of Civil Appeals (264 S. W. 602), and a writ of error granted to the Supreme Court on the ground of conflict in decisions. Judgment affirmed.

Johnson & Gilmore, of Houston, for plaintiffs in error.

Boyles, Brown & Scott, of Houston, for defendant in error.

POWELL, P. J. The opinion of the Court of Civil Appeals in this case is reported in 264 S. W. 602. That court affirmed the judgment of the district court.

Writ of error was granted by the Supreme Court because the decision is in conflict with Moody v. Early-Foster Co. (Tex. Civ. App.) 246 S. W. 1087. Application for writ of error in this latter case was also filed. The court dismissed that application without jurisdiction, but made the following notation in doing so:

"We have not considered the question of fundamental error for the reason that it was not raised in the motion for a new trial in the Court of Civil Appeals."

In the instant case, no assignments of error were filed either in the district court or the Court of Civil Appeals. In that state of the record, the Court of Civil Appeals held:

"There is therefore nothing for this court to review, unless the record discloses some fundamental error, of which cognizance should be taken without an assignment. There is none; the trial court had jurisdiction of the parties and of the controversy; the judgment is one it had the power to render under the pleadings; and this court, without going through the entire statement of facts, is unable to say that any action prejudicial to the rights of appellants was taken. In such circumstances our Supreme Court has uniformly held that no error of law apparent upon the record appears, and that a Court of Civil Appeals is not required to hunt through the statement of facts. Houston Oil Co. v. Kimball, 103 Tex. 94, 122 S. W. 533, 124 S. W. 85."

In making this holding, the instant case is in direct conflict with the Moody Case, supra.

[1] We have carefully reviewed the authorities cited by plaintiffs in error. We do not find where any opinion written by our Supreme Court has ever held a view contrary to the opinion of the Court of Civil Appeals in the case at bar. We have also carefully reviewed the opinion of the Supreme Court in the Kimball Case. It seems to be the fullest discussion of this question by that court. It is not at variance with any other decision by the Supreme Court. We think the Court of Civil Appeals herein has properly interpreted the holding in the Kimball Case.

[2] We do not think it is necessary to add anything to what has been said in the Kimball Case and the instant case. When, as stated by the Court of Civil Appeals in this case, the only method for determining whether or not a fundamental error has been committed is by going through the entire statement of facts, then that court is not required to pass upon such a question. Any other rule,

⚖️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

as we see it, would place an almost unbearable burden upon our appellate courts.

We recommend that the judgments of the district court and Court of Civil Appeals be affirmed.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.