## NICHOLS et al. v. HEARD. (No. 7459.)

(Court of Civil Appeals of Texas. San Antonio. Feb. 17, 1926. Rehearing Denied April 17, 1926.)

1. Appeal and error ⬅➡719(1).

To have appellate court examine record for fundamental error, in absence of seasonably filed briefs, assignment claiming fundamental error is unnecessary.

2. Mines and minerals ⬅➡78(2)—Breach of implied covenant to do more drilling after lessee had brought in producing oil well held not ground for forfeiture.

Breach of any implied covenant of lessee in oil lease to do more drilling after producing well was seasonably commenced and brought in is not ground for forfeiture, the only ground for forfeiture, the only ground for forfeiture provided being failure to seasonably commence the first well.

3. Appeal and error ⬅➡770(1)—Canceling oil lease for breach of implied covenant to do further drilling after bringing in producing well held fundamental error.

Court's action in canceling oil lease for breach of implied covenant to do further drilling after bringing in of producing well held fundamental error, apparent on the face of the record, requiring consideration, though appellant filed no briefs.

4. Mines and minerals ⬅➡78(1).

Time equivalent to that lost by suit of lessor to cancel oil lease, judgment for her being reversed, must be given lessees in which to complete the contract.

Appeal from District Court, Refugio County; John M. Green, Judge.

Action by Mrs. Fannie V. W. Heard against C. F. Nichols and another. Judgment for plaintiff, and defendants appeals. Reversed, and remanded for new trial.

Dougherty & Dougherty, of Beeville, and J. Turner Vance, of Refugio, for appellants.

Samuel B. Dabney, of Houston, for appellee.

COBBS, J. This cause was dismissed at a former day of this term on appellee's motion, because appellants failed to file their brief in time for appellee to file a reply brief. [1] The cause was set down for submission on the 4th day of December, A. D. 1925, on which day appellee filed her said motion to dismiss the cause. Appellants filed their motion to set aside our dismissal and to reinstate the cause, on December 12, 1925. On the 6th day of January, 1926, appellee filed an answer thereto contesting the same. The motions and answers of both parties are lengthy. The transcript in this case consists of 91 pages, and the statement of facts consists of 105 pages. The briefs filed by the different appellants are lengthy, but that is immaterial, since we have declined to examine them. We have concluded to examine the record for fundamental errors. See John J. Grissom v. R. S. Lopez, 280 S. W. 613, this day decided by this court. No assignment claims any fundamental error committed, though that is not necessary, as we have examined the record for such error.

This case having been tried without a jury and decided for the plaintiff, and both the plaintiff and the defendant C. F. Nichols and W. E. Hewit having requested the court to make his conclusions of fact and law, he did so very fully.

The lease was to run for a period of "three years and as long thereafter as oil or gas, or either of them is produced from said land by the lessee."

[2] The petition affirmatively alleges that the well was commenced within the time specified and produced large volume of commercial gas in paying quantities, which vested title not subject to forfeiture for the reasons set out in the petition, and the only right for forfeiture set out in the petition was the provision fixing time for the commencement of a well. And if there was an implied obligation to do more drilling it was no ground for forfeiture.

There may be such breaches in carrying out contracts that give grounds to sue for

---

⬅➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

land because of abandonment, or upon other grounds; still that would not be grounds for forfeiture. Grubb v. McAfee, 212 S. W. 464, 109 Tex. 527.

In the case of Stephenson v. Glass (Tex. Civ. App.) 276 S. W. 1110, in a well-considered and very concise opinion clearly expressing the law on the question under consideration, Associate Justice Smith wrote:

"Except for a breach of the condition to drill the first well, the contract did not expressly provide for a forfeiture of the lease, and it is now well settled in this state that equity will not decree a forfeiture of this character of contract upon a breach of an implied covenant in such contract. Grubb v. McAfee, 212 S. W. 464, 109 Tex. 527. It is equally well settled that, where there is no express provision therefor, there is an implied covenant in oil and gas leases that, after one or more producing wells have been brought in on the leased or on adjacent premises, the lessee will use reasonable diligence to develop the entire premises, if necessary to exploit the land or protect the oil thereunder against drainage by adjacent operators. But a breach of such implied covenant does not warrant forfeiture of the lease at the instance of the lessor. His remedy is for damages occasioned by the breach. Grubb v. McAfee, supra."

The case does not present one for forfeiture, but, if for anything, it is for damages only.

We have very carefully considered the motion filed for rehearing by appellee on the 4th day of March, 1926, and find nothing new, only what has already been carefully considered and passed upon, so it is overruled. All previous opinions will be withdrawn, and this opinion will be filed in lieu of all others.

[3] The action of the trial court in canceling the lease for breach of an implied covenant was fundamental error apparent upon the face of the record, requiring consideration by this court, even though appellant filed no briefs.

The judgment of the trial court is reversed, and the cause remanded for another trial.

[4] Time must be given to appellants in which to complete the contract equivalent to that lost by this litigation.