## OLIVER v. OLIVER. (No. 6954.)

(Court of Civil Appeals of Texas. Austin. April 20, 1926.)

**1. Divorce ⬅➡27(1)—Physical violence is not indispensable to show cruelty, if conduct of offending spouse was studied, deliberate, and calculated to impair health of the other (Rev. St. 1925, art. 4629).**

Under Rev. St. 1925, art. 4629, authorizing a divorce for cruel treatment, court may take into consideration, in determining what constitutes cruelty, the age, sex, station in life, refinement, and sensibilities of offended party; and, if in light of these things conduct of offending party was studied, deliberate, and calculated to impair health of the other, it would constitute cruel treatment authorizing divorce, though no physical violence be shown.

**2. Divorce ⬅➡184(6)—Evidence must be full and satisfactory to appellate court to permit divorce decree to stand.**

To justify divorce, evidence must not only be full and satisfactory to the trial judge, but full and satisfactory to appellate court as well, to permit decree to stand.

**3. Divorce ⬅➡130—Evidence held sufficient to entitle plaintiff to divorce, under statute for cruel treatment (Rev. St. 1925, art. 4629).**

Though there was no evidence in case of physical violence on plaintiff, evidence, disclosing a deliberate and studied effort on defendant's part to antagonize, humiliate, and outrage plaintiff, held to meet burden placed on plaintiff by Rev. St. 1925, art. 4629, and to entitle her to a divorce for cruel treatment.

Appeal from District Court, Lampasas County; Lewis H. Jones, Judge.

Suit for divorce by Eva P. Oliver against James R. Oliver. Decree for plaintiff, and defendant appeals. Affirmed.

De Witt Bowmer, of Temple, and Few Brewster, of Belton, for appellant.

J. Tom Higgins, of Lampasas, for appellee.

BAUGH, J. The only question in this case is the sufficiency of the evidence to support the judgment of the trial court granting appellee a divorce from appellant on the grounds of cruel treatment. Appellee was granted a divorce from appellant in 1922 by one of the members of this court, who was then a trial judge, but on appeal the case was reversed and ordered dismissed without prej-

udice, on the ground that the proof showed that appellee had not been a resident of Bell county for six months prior to the filing of her suit. See (Tex. Civ. App.) 245 S. W. 1038.

[1] We have read carefully the statement of facts and numerous cases involving the sufficiency of the evidence in divorce suits. There is no evidence in this case of physical violence upon appellee. Nor does the record disclose such "full and satisfactory evidence" as will sustain appellee's allegations that appellant had charged her with infidelity. The issue remaining, therefore, is, was the conduct complained of and shown reasonably calculated to produce, and did it produce, such degree of mental distress as to impair the health of appellee and render their living together insupportable? The language of the statute (article 4631, R. S. 1911; article 4629, R. S. 1925) is:

That divorce may be granted "where either party is guilty of excesses, cruel treatment or outrages toward the other, if such ill treatment is of such a nature as to render their living together insupportable."

The statute is very broad in its language, and though it should be strictly construed, latitude is vested in the courts to take into consideration, in determining what constitutes cruelty, the age, sex, station in life, refinement, and sensibilities of the party offended; and if, in the light of these things, the conduct of the offending spouse was studied and deliberate, it may, if calculated to impair the health of the other, constitute such cruel treatment under the statute as to authorize a divorce, though no physical violence be shown. See Claunch v. Claunch (Tex. Civ. App.) 203 S. W. 930; Erwin v. Erwin (Tex. Civ. App.) 231 S. W. 834; Ellis v. Ellis (Tex. Civ. App.) 251 S. W. 287.

Appellee left appellant in July, 1921, and has never lived with him since. Her testimony is corroborated and undisputed that during the time immediately preceding the separation she became very nervous, was unable to work, and went down from a normal weight of about 160 pounds to about 115 pounds; that she became sick and was in bed for a week prior to the day she left him. She testified that her condition was caused solely by appellant's conduct, neglect, mistreatment, and indifference to her physical and social welfare; that it was necessary for her to leave him in order to regain her health; and that after she left him she did regain her normal weight and did restore her health.

The evidence is somewhat conflicting as to whether appellant contributed to appellee's support during the last years they lived together; but her testimony that for a long period prior to the time she left him he had

·refused to go out anywhere in public with her is uncontradicted. The evidence clearly shows incompatibility of temperament and the impossibility of appellant and appellee ever living together again in domestic harmony. Appellant charged appellee with possessing a ungovernable temper and that her outraged feelings was due to that uncontrollable temper. The record does disclose that she did on one occasion manifest an indignation against appellant which could not be defined as altogether righteous; but we think it likewise discloses a studied and deliberate attitude and effort on the part of appellant, with a full knowledge of appellee's temper and sensitiveness to his approaches, to anger, humiliate, intimidate, and offend appellee's sensative nature in such manner as was calculated to cause her nervous distraction and impairment of health, which she testified appellant's conduct did cause just before she left him.

Appellant contested her suit in the former trial and on this trial. The record discloses that though he knew his terms of endearment and affection applied to her in public, especially after the first trial and long after they had separated and she had been providing for herself, were offensive and obnoxious, yet he deliberately so addressed her when he saw her in public and under such circumstances as to humiliate her. The record contains a letter written to her only a week before the trial of this case wherein he wrote her with reference to the divorce trial:

That he did not want "to take· a chance on getting that awful temper up to fever heat, for it might kill you, or at any rate am afraid it would put you in bed, and we don't want anything like that to happen now, as you might not be able to go out to the big show at Lampasas next week, or whenever it is, if you have not called it off."

This letter also contains numerous expressions of endearment, affection, and pet names, and offered to come for her in his car and take her to the divorce trial. It is true appellant testified that such expressions were prompted by a genuine love in his heart for her, yet he knew at the time that they were repulsive to her, and would only tantalize, aggravate, and humiliate her. Under such circumstances we think appellant's conduct not only did not manifest a genuine love for appellee which would normally find its expression in kindness, forgiveness, and in a desire, and an effort to please and protect her, but rather discloses a deliberate and studied effort on his part to antagonize, humiliate, and outrage her sensitive nature.

[2, 3] The evidence could have been fuller and more satisfactory, it is true, but two district judges have had both parties before them under direct and cross examination with ample opportunity to observe their demeanor and attitude toward each other. Each of these judges has deemed the evidence sufficiently "full and satisfactory" to meet the requirement of the statute. It is true that the evidence must not only be full and satisfactory to the trial court, but must be full and satisfactory to the appellate court as well (Blake v. Blake [Tex. Civ. App.] 263 S. W. 1075), yet we cannot lose sight of the fact that the personal presence of the parties before the trial judge, and his opportunity to observe their demeanor and to pass upon their credibility, is a vantage in his favor not available to us in passing upon the record, and one which we are not at liberty to arbitrarily disregard. Under the entire record, therefore, we are not prepared to say that appellee has not met the burden placed upon her by the statute, and that she has not shown sufficient grounds entitling her to a divorce.

The judgment of the trial court is therefore affirmed.

Affirmed.