**J. G. SMITH GRAIN CO. v. PAYNE et al.**
**(No. 469.)**

(Court of Civil Appeals of Texas. Waco.
Jan. 6, 1927. Rehearing Denied
Feb. 10, 1927.)

**1. Appeal and error ⬤502(1), 753(1)—Reviewing court may only consider fundamental error when transcript contains neither motion for new trial nor assignment of error (Rev. St. 1925, arts. 1837, 1844, 2281).**

Where transcript contains neither motion for new trial nor assignment of error, only fundamental error can be considered by Court of Civil Appeals, in view of Rev. St. 1925, arts. 1837, 1844, 2281.

**2. Appeal and error ⬤672—Reviewing court need not search statement of facts for fundamental error.**

When only method of determining whether fundamental error does or does not appear is by going through entire statement of facts, reviewing court is not required to search entire record; such an error not being considered fundamental.

**3. Appeal and error ⬤662(2)—Judgment recitals of evidence do not preclude presumption that court had all necessary supporting facts before it when judgment was rendered.**

Recitals of evidence in judgment do not preclude presumption that all facts necessary to support such judgment were before court when judgment was rendered.

**4. Judgment ⬤270—Dismissal rendered at former term held final, though not entered of record during same term.**

Judgment of dismissal rendered by court at former term *held* final, though not entered of record during same term, since jurisdiction of court over its records did not end with term; case being regarded as pending for purpose of proper entry of judgment of dismissal on minutes.

**5. Appeal and error ⬤1091(1)—Proceedings before county court on appeal from justice court will be presumed valid by reviewing court.**

Proceedings in county court on appeal from justice court being informal, Court of Civil Appeals will indulge great liberality in favor of validity of such proceedings.

**6. Dismissal and nonsuit ⬤80—Granting motion to strike case from docket for former dismissal in same court held proper, and to preclude further action.**

Where case had once been dismissed in county court, but record did not disclose this, and, through ignorance of former dismissal, court again set it for hearing, granting of defendants' motion to strike from docket *held* proper, and to effectually dispose of case and preclude further action therein in county court, though defendants might more properly have moved to have judgment of dismissal nunc pro tunc.

Appeal from McLennan County Court;
James R. Jenkins, Judge.

Action by the J. G. Smith Grain Company against John Barton Payne and others. After a judgment for plaintiff against defendant Fred Peebles and others, action being dismissed against defendant Payne, on appeal to the county court the action was dismissed, and later ordered stricken from docket, and plaintiff appeals. Affirmed.

John McGlasson, of Waco, for appellant.
W. L. Eason, of Waco, for appellees.

GALLAGHER, C. J. This suit originated in the justice court. It was instituted on December 10, 1920, by J. G. Smith, doing business in the name of J. G. Smith Grain Company, against John Barton Payne, Agent, Fred Peebles, S. P. Peebles, and Mrs. C. Peebles, to recover damages in the sum of $147.56. The parties will be designated as in the trial court. Plaintiff dismissed his suit against the defendant John Barton Payne. A trial was had in the justice court on April 6, 1922, and judgment rendered in favor of the plaintiff against the remaining defendants. The defendants appealed to the county court. The next proceeding shown in the transcript is a judgment of the county court, rendered on March 23, 1926.

The recitals in said judgment show, in substance, that the trial docket of said court was what is known as a loose-leaf docket; that plaintiff, in November, 1925, requested the court to set the case; that at that time no docket leaf containing an entry of the case could be found, and that the clerk entered the style of the case on a new docket leaf and inserted the same in the trial docket; that the case came on for trial on the date aforesaid; that defendants objected to going to trial, contending that the case had at the May term, 1923, or at some regular term thereafter, been dismissed for lack of prosecution; that, based on said contention, defendants moved the court to strike the case from the docket. The judgment further shows that the court heard evidence on said contention, and found therefrom that a judgment was rendered for the plaintiff in said cause on March 26, 1923; that the same was set aside by the court on April 20, 1923; that plaintiff paid a jury fee on April 25, 1923; that in May, 1923, plaintiff's counsel applied for a setting of the case; that at that time the original sheet was in the docket but was crumpled and worn; that—

"thereafter, and at a regular term of this court, and while Hon. Giles P. Lester was judge of this court, said cause was regularly called for trial, and the plaintiff and his counsel failed to appear, and this cause was regularly and legally dismissed by said court for want of prosecution, and a notation of such dismissal was made on the court's setting, the same being a typewritten list from which he called the cases; and it is concluded that thereafter said dismissal was duly entered on the docket, but

the same was not entered on the minutes by inadvertence or oversight of the clerk, and after said cause was dismissed as aforesaid the clerk removed the docket sheet from the docket, and the same was lost or destroyed, and cannot now be produced; * * * that said order of dismissal was never set aside or vacated."

The court further found and recited in said judgment that plaintiff's counsel took no further action with reference to this case after he applied for the setting of the same in May, 1923, until November, 1925; that at that time he requested the court to set the case; that the present county judge, Hon. James R. Jenkins, did not know that the case had been dismissed, and set the same for hearing as requested. Said judgment declared the court to be without jurisdiction, and ordered the case stricken from the docket. Said judgment is here presented for review by this appeal.

### Opinion.

[1] The transcript in this case contains neither motion for new trial nor assignment of error. Such being the case, only fundamental error can be considered. Rev. St. 1925, arts. 1844, 2281, and 1837; G., H. & S. A. Ry. Co. v. Cooper, 85 Tex. 431, 21 S. W. 678; Houston Oil Co. v. Kimball, 103 Tex. 94, 103–104, 122 S. W. 533, 124 S. W. 85; Ford v. Flewellen (Tex. Com. App.) 276 S. W. 903.

[2] Plaintiff states in his brief that the only question involved in this case is whether or not the evidence introduced upon the hearing was sufficient for the court to find that the case had been dismissed by a former judge, and to order that same be stricken from the docket. This contention involves a consideration of all the evidence introduced before the court at the hearing, which resulted in said order or judgment. The recitals therein are not to be taken to embrace all the facts proved, and upon which the court based his finding that a judgment of dismissal had been rendered at a former term, and his order that the case be stricken from the docket.

[3] Such recitals do not preclude the presumption that all facts necessary to support said judgment were before the court when the same was rendered. Dowdle v. United States Fidelity & Guaranty Co. (Tex. Com. App.) 255 S. W. 388, 389. When the only method of determining whether a fundamental error does or does not appear is by going through the entire statement of facts, the court is not required to pass upon such contention. Ford v. Flewellen, supra; Waggoner Estate v. Sigler Oil Co. (Tex. Com. App.) 284 S. W. 921, 926. The reason this court is not required to search the entire record in such cases is that such an error is not fundamental, and the court has no right to consider it, however willing it may be to do so. Waggoner Estate v. Sigler Oil Co., supra.

[4] The judgment of dismissal rendered by the court at a former term was none the less final because not entered of record at said term. Ætna Ins. Co. v. Dancer (Tex. Com. App.) 215 S. W. 962, 963. The jurisdiction of the court over its records did not, however, end with said term, and for the purpose of a proper entry of said judgment of dismissal upon the minutes the case should be regarded as pending at the time the judgment appealed from was rendered. Coleman v. Zapp, 105 Tex. 491, 495, 151 S. W. 1040.

[5, 6] This case being in the county court on appeal from the justice court, the proceedings were informal, and great liberality should be indulged in favor of their validity. While perhaps the defendants might more properly have moved to have the judgment of dismissal entered nunc pro tunc, the proceedings here under review, being had in the original case, effected substantially the same result. The judgment appealed from, which was duly entered of record, declared that the case was dismissed at a prior term of the court, and the court was for that reason without jurisdiction to proceed to trial therein, and ordered the same stricken from the docket. Said judgment effectually disposed of the case, and precludes further action therein in that court.

The judgment of the trial court is affirmed.