## REYNOLDS et al. v. HUFF et al. (No. 7960.)

Court of Civil Appeals of Texas. San Anto-
nio. March 14, 1928.

Rehearing Denied April 18, 1928.

1. Appeal and error ☞719(1)—On appeal
court must search petition and judgment for
fundamental errors, whether assigned or not.

On appeal, Court of Civil Appeals is re-
quired to search the petition and judgment for
fundamental errors, whether assigned or not.

2. Appeal and error ☞773(2)—Appeal will
not be dismissed for failure to file briefs as
court must examine record for fundamental
error.

Motion to dismiss appeal because of failure
of plaintiffs in error to file briefs will be over-
ruled, since it is duty of appellate court to ex-
amine record for fundamental error.

Error from District Court, Mason County;
J. H. McClean, Judge.

Proceeding between E. E. Reynolds and
others and Oscar Huff and others. From the
judgment, E. E. Reynolds and others bring
error. Affirmed.

Cook & Lewright, of Pampa, for plaintiffs
in error.
Lamar Thaxton, of Mason, and L. C.
Kemp, of Houston, for defendants in error.

COBBS, J. In this case defendants in er-
ror have filed a motion to dismiss the appeal
on the sole ground, the "failure of plaintiffs
in error to file brief in the trial court and in
this court, and in support of said motion rep-
resent that said cause is now set for submis-
sion on February 29, 1928, and as yet no
brief has been filed by plaintiffs in error,"
but does not for that reason ask any affirm-
ance of the judgment, as he had the right to
do. Rule 39. Neither party has filed any
brief.

We have discussed similar questions in
Nichols v. Heard (Tex. Civ. App.) 282 S. W.
831, and Roddy v. Borchelt (Tex. Civ. App.)
283 S. W. 315, in which latter case we said,

"On appeal from dismissal on sustaining demurrer to petition, court will search judgment for fundamental error, whether raised by assignment or not." Rankin v. Parker, 4 S.W.(2d) 227, decided by us February 29, 1928; Moody v. Early-Foster Co. (Tex. Civ. App.) 246 S. W. 1087.

[1] In a lengthy petition, unless an assignment is made pointing out specifically the defects claimed, quite an amount of labor is imposed upon the court to search the record unaided for error. However that may be, we are required to search the petition and judgment for fundamental errors, whether assigned or not, and that we have done. Thompson et al. v. Houston Drug Co. (Tex. Civ. App.) 283 S. W. 307.

As stated, plaintiffs in error filed no briefs, in accordance with the rules, but in answer to defendants in error's motion to dismiss, replied that:

They "would be inclined to concede that this proceeding should be dismissed were it not for the fact that they sincerely believe that the trial court committed fundamental error apparent on the face of the record in disposing of this cause." "It seems to be well established by the decisions of this court as well as other Courts of Civil Appeals of this state that an appeal should be dismissed for want of briefs in the absence of fundamental error apparent on the face of the record, and it seems equally well established that the court will consider fundamental error in the absence of any brief, assignment of error or proposition raising the question of such error."

Then plaintiffs in error proceed to discuss the case on its merits to show fundamental error committed. Johnson et al. v. City of Refuge Lodge et al. (Tex. Civ. App.) 1 S.W. (2d) page 506, holding:

"The only claim of fundamental error presented in appellants' brief is that the evidence raises issues of fact upon which appellees' title depends, and the court was therefore not authorized to instruct a verdict in favor of appellees. This court has consistently held that an assignment complaining of a peremptory instruction, or attacking a verdict on the ground that it is not supported by any evidence, does not present a fundamental error apparent upon the face of the record.

"The conflict between the decisions of the Courts of Civil Appeals on this question was settled by our Supreme Court in the case of Ford & Damon v. Flewellen, 276 S. W. 903. In that case, after approving the opinion of this court construing the opinion of the Supreme Court in the case of Houston Oil Co. v. Kimball, 103 Tex. 94, 122 S. W. 533, 124 S. W. 85, the Commission of Appeals holds that an error which can only be discovered by an examination of the statement of facts is not an error apparent of record, and that to hold otherwise would place too great a burden upon the appellate courts."

[2] Being our duty, as stated, to examine this record for fundamental error, it logically follows that the motion to dismiss the appeal must be overruled.

Finding no fundamental error that should cause a reversal, the judgment is affirmed.