## HORTON v. HILL.

### No. 10187.

Court of Civil Appeals of Texas. Galveston.

May 7, 1936.

Rehearing Denied June 11, 1936.

Kellis Daniel and Walter T. Keith, both of Houston (Geo. N. Lusch, of counsel), for plaintiff in error.

Fulbright, Crooker & Freeman, of Houston (W. B. Bates, of Houston, of counsel), for defendant in error.

GRAVES, Justice.

As tried out below, this cause was one wherein the plaintiff in error sought damages alleged to have resulted from the negligent failure of the defendant in error, as a physician and surgeon, to properly treat and minister to him as his patient, and in which the latter, among other defenses, specifically and at length declared that the former had been guilty of numerous acts of contributory negligence which barred any recovery by him; at the

close of plaintiff's evidence the trial court instructed a verdict for the defendant, and upon its due return entered judgment that plaintiff take nothing; hence this. appeal.

No motion for a new trial nor any assignments of error were either filed there or presented in plaintiff in error's brief here; his appeal being solely based upon three propositions presented to this court:

"Proposition No. I. The trial court erred to the prejudice of the plaintiff in error, in taking this case from the jury, at the conclusion of plaintiff in error's evidence in chief, and in instructing a verdict in favor of the defendant in error, because there was an abundance of undisputed evidence which was so clear and convincing that the jury could have found defendant in error guilty of negligence in his treatment of, or failure to treat, plaintiff in error in one or more respects alleged.

"Proposition No. II. The trial court erred, to the prejudice of the plaintiff, both as a matter of law and as fundamental error, in taking this case from the jury, at the conclusion of plaintiff's evidence, and instructing a verdict in favor of the defendant, as plaintiff's evidence was sufficient to raise the issue of whether or not there was negligence on the part of the defendant in the treatment of and/or failure to treat plaintiff.

"Proposition No. III. That, upon a finding and verdict, by the jury, of negligence of defendant in error, substantiated by the pleadings and the evidence of the plaintiff in error, the Appellate Court would have affirmed the judgment of the trial court."

■ The defendant in error objects to the consideration of these quoted statements as not being in conformity with the rulings and decisions of this court as constituting propositions in law within those requirements, mostly upon the grounds that they are insufficient in themselves, in that they do not distinctly point out any alleged errors upon which the appeal is predicated that could be determined without the examination of the entire statement of facts, especially since they in nowise negative a presumptive finding on the part of the trial court that the plaintiff in error had been precluded from a recovery by his own contributory negligence in some or all of the specifications so declared upon against him in that respect.

These objections are well taken, and preclude a consideration by this court under the rules and its own holdings in such cases as Lawson v. Daniel Ripley & Co., 300 S.W. 102; Ford & Damon v. Flewellen, 264 S.W. 602; Underwood v. Hogg, 261 S.W. 556, 558, as well as under the approval of the Flewellen and Hogg Cases by the Supreme Court as reflected in 276 S.W. 903, and 261 S.W., supra. In view of the direct determination of the precise questions here involved in these cited cases, it would be a work of supererogation to again in detail discuss them here; it being deemed sufficient to merely point out that, in ultimate purport, these three statements so declared upon as propositions amount to no more in substance than those passed upon by this court in the cited cases; indeed, the third one of these plainly constitutes a statement of no legal problem at all, it merely amounting to an assertion that, if there had been a finding of negligence on the part of the defendant in error that was substantiated by the pleadings and evidence of the plaintiff in error, it would have been affirmed by the appellate court. As concerns the other two, it is plain that they are identical in effect, both merely in different verbiage declaring that the evidence as a whole was sufficient "to raise the issue of whether or not there was negligence on the part of the defendant in the treatment of or failure to treat plaintiff"; not only so, but it is further perceived that all three of them wholly ignore the defensive plea of contributory negligence upon the plaintiff in error's part, together with the possibility at least that the trial court may have found that the plaintiff in error by his own negligence had precluded the recovery upon his part.

Our conclusion is, therefore, that none of these quoted propositions either intrinsically contain the essentials of a proper assignment of error, or point to any fundamental error, since it would be necessary to review the entire statement of facts in order to determine whether or not the only wrong thing claimed had been in fact committed; this the cited holdings of this court, with the express approval of the Supreme Court, declare is not required.

■ But plaintiff in error contends that the cited holdings of this court (et id genus omne) have become obsolete under the provisions of R.S. art. 1757, as amended

by the 42nd Legislature in 1931 c. 45 (Vernon's Ann.Civ.St. art. 1757); but this answer would seem to be inept, since that statute did not emasculate the intrinsic essentials of a proposition of law itself, as that has been declared heretofore in the cited holdings of this court and those of other courts too numerous to mention.

Indeed, the El Paso court, in construing that amendment in Pelton v. Allen Inv. Co. (Tex.Civ.App.) 78 S.W.(2d) 272, 273, and upon which the plaintiff in error herein relies, directly takes that view in this declaration: "We are of the opinion, under article 1757, as amended (Vernon's Ann.Civ.St. art. 1757), the brief must · be considered as sufficient if the propositions contained in the same *distinctly point out the alleged error or errors upon which the appeal is predicated. We regard propositions of that nature, within themselves, as constituting sufficient assignments of error and entitled to consideration as such.* [Italics ours.] Lamar-Delta County L. I. Dist. v. Dunn (Tex.Com.App.) 61 S.W.(2d) 816; Commercial Standard Ins. Co. v. Noack (Tex. Civ.App.) 45 S.W.(2d) 798; Id. (Tex. · Com.App.) 62 S.W.(2d) 72; State Teachers' Mut. Life Ins. Co. v. Mims (Tex.Civ. App.) 74 S.W.(2d) 549."

In other words, this rule still stands, as declared by this court in the Flewellen Case, supra, with this subsequent approbation of the Supreme Court (276 S.W. 903): "When, as stated by the Court of Civil Appeals in this case [264 S.W. 602], the only method for determining whether or not a fundamental error has been committed is by going through the entire statement of facts, then that court is not required to pass upon such a question. Any other rule, as we see it, would place an almost unbearable burden upon our appellate courts."

Not only so, but, as already indicated, the utter failure here of any of these would-be propositions to challenge the potential showing that the peremptory instruction sought to be complained of might have been granted upon a finding that the plaintiff in error's own contributory negligence had defeated his action, makes this specific declaration upon the legal equivalent of that situation in the Hogg Case, supra, directly apropos upon that phase of this cause also: "This assignment neither refers to nor even inferentially challenges the sufficiency of any one of these outstanding defenses; there is no indication in the record as to what the trial court grounded the peremptory instruction upon, certainly no intimation that it may not have rested it on a finding that one or more of these answering matters had been fully established; · a claim for error so couched and drawn, when offered for application to such a situation as this, could therefore at best amount to only half the battle, or, as was said by the court in Mortimore v. Affleck, supra [(Tex.Civ. App.) 125 S.W. 52], 'might be sustained, and the judgment nevertheless be affirmed.' "

Since, under these conclusions, the brief of plaintiff in error presents nothing for review here, the judgment of the learned trial court must be affirmed; it will be so ordered.

Affirmed.