**MILNER v. MILNER et al.**
**No. 10462.**

Court of Civil Appeals of Texas. Galveston.

Nov. 24, 1937.

Rehearing Denied Dec. 22, 1937.

A. T. Norman, of Houston, for plaintiff in error.

C. A. Teagle and Lawrence Williamson, both of Houston, for defendants in error.

GRAVES, Justice.

This appeal of Milo A. Milner is from a judgment of the Fifty-Fifth district court of Harris county, entered upon the verdict of a jury in response to special issues, as well as upon independent findings of the court itself from the evidence and the law, wherein plaintiff in error's wife, Pauline B. Milner, was awarded a divorce against him and a property settlement was decreed not only between them, but as between him and his wife's mother, Mrs. Emma E. Temple.

The five propositions of law, as tendered by the plaintiff in error for consideration by this court, are each and all objected to by the opposing litigants as being so violative of the rules of pleading as to leave them insufficient to present any question of law this court is required to consider, in that they are vague, duplicitous, indefinite, and academic, based upon group assignments which present a number of wholly differing questions, and unsupported by sufficient statements from the record to indicate specifically what is undertaken to have considered.

These objections are sustained, and it is held that none of the stated propositions are entitled to consideration at the hands of this court. Smoot's Texas Court Rules, Annotated, especially rules 24 to 34, inclusive, pages 128 to 243, inclusive, with cited cases.

If these tendered propositions were considered, however, they could not be sustained.

■ In the first place, as the brief presented in support of them frankly recites, their main objective is to show from the face of the record that fundamental error was committed in the findings of both the court and the jury upon the facts involved in the jury's verdict and in the court's independent findings, the correctness of which could obviously be determined only by this court's wading through a voluminous statement of facts comprising 506 pages of testimony; this, under settled authority in Texas, is not required. Ford & Damon v. Flewellen, Tex.Civ.App., 264 S.W. 602; Ford & Damon v. Flewellen, Tex.Com.App., 276 S.W. 903; Horton v. Hill, Tex.Civ. App., 95 S.W.2d 751, writ of error dismissed; Lawson v. Daniel Ripley & Co., Tex.Civ.App., 300 S.W. 102; Underwood v. Hogg, Tex.Civ.App., 261 S.W. 556, writ of error refused.

■ In the next place, they wholly fail to point out the particulars wherein the stated findings of either the court or the jury lacked support in the testimony, and such exam-

ination as it has been able to make, in spite of such lack of specification and designation of where the lack of support lies, fails to convince this court that either the jury's verdict or the court's findings are against the evidence.

Furthermore, on the cause as a whole, while the tendered propositions deal in great detail with many complaints against the special issues submitted to the jury, the record itself upon the appeal wholly fails to show that any objection whatever was made to any of the various issues submitted to the jury in the trial court, with this sole exception as affecting submitted issues Nos. 10 and 11, to wit: "Defendant Milo A. Milner by attorney excepts to the submission of Special Issues No. 10 and 11, per-taining to agreement covering community property-settlement and the payment of Twenty-seven Hundred ($2700.00) Dollars by Mrs. Milner in consummation of a division of community property, for the reason that said issues are strictly a law question to be determined by the court; in the alternative, a mixed question of law and fact to be determined by the court, and for the further reason that if any such settlement or agreement had been reached it was rescinded and annulled as a matter of law by virtue of the then living together and continued living together immediately and continuously after the dismissal of divorce proceedings."

■ Apropos of the matter sought to be raised by this single objection made below to any of the issues submitted, it seems indisputable that no reversible error arising from or grounded upon it has been pointed out; the record otherwise undisputedly shows that part of the community property with which the suit has to do had been owned by Mrs. Milner before she married Mr. Milner, and that in full agreed settlement of all their community interests, made in between the dismissal of a divorce suit he had filed against her in 1933 and the filing of the suit now at bar in 1934, they had separated and made the settlement referred to, whereunder Mr. Milner had deeded to her, on May 3 of 1933, all his interest in the community property affected, upon her agree-ment to pay him the sum of $2,700 in cash; these special issues 10 and 11, therefore, had to do with that transaction and submitted to the jury the questions whether such an agreement had been made between them, and, if so, whether it had been intended by them to be "a full and final settlement of all community rights existing between them," while succeeding special issue No. 12 added the inquiry as to whether Mrs. Milner had paid him the $2,700 so agreed upon; the jury answered all of these issues in the affirmative, and, for aught that appears in this record, upon amply supporting testimony, which accordingly, in the opinion of this court, put an end to the present controversy as to such property.

■ Plaintiff in error's objection to those issues, that they presented questions of law for the court, in whole or in part, are obviously unsound, as is also his further contention that, even if such settlement had been reached, it was annulled as a matter of law because the parties had again, after making it, lived together a few months before finally tangling up again in the present divorce suit that so terminated their marital relations; the cited deed from him to her, made in furtherance of the agreement the jury thus found to have existed, was in nowise impeached by their having gone back together for the brief time indicated, since it otherwise undisputedly appears that he had under that settlement and evidentiary conveyance received his full part of all their community property and retained it, never having thereafter offered to return it or do equity toward her concerning it.

It would serve no needful purpose to further discuss a record that comes here in the condition in which this one has been presented; but since, in any event, the plaintiff in error's attack is mainly leveled at the sufficiency of the evidence to sustain the findings of the court and jury, and since he nowhere properly either points out or shows the respects in which there is any deficiency, it cannot prevail; an affirmance will accordingly be entered.

Affirmed.

PLEASANTS, C. J., absent.