### SHEPARD v. SHEPARD.

No. 12869.

Court of Civil Appeals of Texas. Dallas.
March 23, 1940.

Rehearing Denied April 20, 1940.

A. H. Gist and Barnie Cantrell, both of Dallas, for appellant.

Currie McCutcheon, Marie McCutcheon, and J. R. Bradfield, Jr., all of Dallas, for appellee.

· LOONEY, Justice.

Elizabeth Shepard, appellee, sued Paul Shepard, appellant, for divorce, and the custody of their minor daughter, Mimi Pauline, alleging as ground for divorce, cruel treatment. Appearing by next friend, appellant controverted appellee's allegations, and, in a cross-action, sought the dissolution of the marriage between himself and appellee on the ground that, at and before the time of its solemnization, he was of unsound mind and mentally incapable of contracting marriage; also alleged that he was not the father of appellee's baby.

At the conclusion of the evidence, appellant moved for an instructed verdict, which was overruled, and on submission, the jury found that appellant had been guilty of cruelty and outrages toward appellee, of such a nature as to render their living together insupportable; that appellant was the father of the child, Mimi Pauline, and that he possessed sufficient mental capacity to contract and enter into the marriage relation. Appellant moved for judgment non obstante, which being overruled, the court sustained appellee's motion for judgment on the verdict, and accordingly rendered judgment in her favor for divorce, awarded her custody of the minor child, and denied appellant the relief sought. The findings of the jury, in our opinion, are supported by evidence, and are adopted as our conclusions on the issues indicated.

The only questions presented that, in our opinion, merit discussion, relate to the sufficiency of the evidence to sustain the verdict, and judgment.

The case is somewhat out of the ordinary. The testimony of appellee is undisputed, and is shown by the following synopsis: She testified that she and appellant were married on June 22, 1937, agreeing beforehand that they would not live together as man and wife. At the time of the trial in March, 1939, appellee was 21 years of age, appellant 29; they first met in 1931, and thereafter met at intervals. On December 25, 1936, they were guilty of an act of intimacy, which resulted in appellee's becoming pregnant, which she discovered in April, 1937, and, on being informed of that fact, appellant promised that he would take care of the situation, and that later they would be married. After this, for a time, appellant wavered or vacillated in his resolution, stating at times he would do nothing, and at other times, that he would. However, on June 22, 1937, he took appellee in an automobile to the court house in the town of Rockwall, Rockwall County, Texas (about 30 miles from the City of Dallas), obtained a marriage license and the services of a justice of the peace, who performed the ceremony, consummating the marriage. Returning to Dallas and letting appellee out of the car at her place of abode, appellant stated she would be taken care of, that he would see her soon, would pay all hospital expenses, and that everything would be all right. She saw him no more until April, 1938. Her baby was born on September 15, 1937; she remained in the hospital two weeks. Appellee was without money to pay the bills incident to her confinement, but they were paid by appellant's mother, and for several months thereafter, she gave appellee a monthly allowance of eight to ten dollars. Since that time, appellee has resided with and has been supported by her own mother. For some time prior to the birth of the child, appellant gave appellee one dollar per day. On the occasion of their first meeting after the marriage—in April, 1938, appellant stated there was no doubt about the child (meaning its paternity), and that he would do more for it, but, with the exception of three dollars given in November, 1938, appellant has contributed nothing additional. Before the marriage, appellant accused appellee of trying to blackmail him for money; this charge he repeated after the marriage and before the baby was born, and again repeated the charge in November, 1938; he told appellee she would not get another cent; however, he did later pay the three dollars above mentioned, stating that he would never acknowledge the baby as long as his mother lived. Appellant did not testify in the case.

We are of opinion that it was a matter peculiarly within the province of the jury to determine the credibility of the witness and the weight to be given her testimony; and, obviously, in rendering the de-

cree, the court necessarily deemed the evidence a sufficient and satisfactory affirmation of the material facts alleged.

In Dawson v. Dawson, 63 Tex.Civ.App. 168, 132 S.W. 379, 381 (quoting from the case of Golding v. Golding, 49 Tex.Civ.App. 176, 108 S.W. 496), in the concluding paragraph of the opinion, the court said: "* * * it is peculiarly a question of fact for the court and jury to determine after hearing the evidence whether or not defendant's treatment to [of] plaintiff is [was] of such a nature as to render their living together insupportable. * *" To the same effect, see Arendale v. Arendale, Tex.Civ.App., 22 S.W.2d 1080, 1082, and the authorities cited.

█ It is immaterial that the parties did not live together as man and wife after the marriage ceremony was completed. The doctrine is settled in this state that the marital status is definitely fixed, without more ado, when the marriage is solemnized in the manner prescribed by law. See Thompson v. Thompson, Tex.Civ.App., 202 S.W. 175, 180 (concluding paragraph); also, Lopez v. Missouri, K. & T. R. Co., Tex.Civ.App., 222 S.W. 695.

We have duly considered all assignments urged for reversal, and, failing to find reversible error, the judgment of the court below is affirmed.

Affirmed.