## STEPHENS v. STEPHENS.

### No. 2441.

Court of Civil Appeals of Texas. Eastland.

March 31, 1944.

Rehearing Denied May 5, 1944.

McMahon, Springer & Smart, of Abilene, for appellant.

Chas. E. Coombes, of Stamford, and Turner & Seaberry, of Eastland, for appellee.

LESLIE, Chief Justice.

Laura Belle Stephens instituted this suit against D. W. Stephens for a divorce on the ground of his cruel treatment toward her rendering their further living together as husband and wife insupportable. She sought partition of community property, attorneys fees, etc.

The defendant entered a general denial and the trial before the court and jury (requested by defendant) resulted in a verdict on which the trial court entered a judgment favorable to plaintiff.

In response to special issues the jury found:

"1. The defendant was guilty of excesses, cruel treatment or outrages toward plaintiff.

"2. That such cruel treatment was of such a nature as to render the further living together of plaintiff and defendant insupportable.

"3. That such cruel treatment was not provoked by the acts and conduct of the same general character on the part of plaintiff.

"4. That such acts on the part of plaintiff were not reasonably calculated to provoke defendant's misconduct.

"5. That plaintiff acted in good faith in instituting the divorce suit.

"6. That at the time of the institution of the suit, the plaintiff had probable cause for divorce from the defendant; and,

"7. That $387.50 was a reasonable fee to be allowed plaintiff for the payment of attorneys fees."

The defendant filed motion for judgment, alleging that the action of the jury in making its finding was not binding upon the trial court, and was advisory only, and that the plaintiff had failed to show by full and satisfactory evidence that the defendant was guilty of cruel treatment authorizing the granting of the divorce. Further, that such cruel treatment, if any existed, was induced by the plaintiff and her children.

The court overruled defendant's said motion for judgment and entered a decree on the verdict granting plaintiff a divorce and awarding her the sum of $387.50 as a fee for her attorneys, ordered the community property partitioned, etc., and awarded costs against plaintiff and defendant incurred by them respectively.

The defendant prosecutes appeal from said judgment and predicates error on three points:

"I. The evidence is insufficient to show the defendant guilty of excesses, cruel treatment, or outrages toward the plaintiff, of such a nature as to render their further living together insupportable.

"II. The evidence shows that any cruel treatment, outrages, or excesses, of which the defendant was guilty, was provoked by the acts of the plaintiff of the same general character.

"III. The error of the court in admitting in evidence testimony that the defendant was addicted to the use of alcohol and narcotics, without proper pleading in plaintiff's petition to support the same."

The plaintiff counters with propositions that:

"1. The testimony is clearly sufficient to support the answers of the jury and the independent findings of the court that appellant was guilty of cruel treatment toward appellee rendering their further living together as husband and wife insupportable.

"2. The testimony is clearly sufficient to support the answers of the jury and the independent findings of the court that appellee did not provoke such cruel treatment."

Obviously the decisive question presented by this appeal is whether or not the evidence upon which the verdict and judgment rests, meets the statutory test of Art. 4632, V.A.C.S., which requires, among other things, that " * * * the decree of the court shall be rendered upon full and satisfactory evidence, upon the judgment of the court affirming the material facts alleged in the petition."

The attorneys for each litigant have filed excellent briefs and have evidently succeeded in presenting all issues favorable to their respective clients in the most favorable light. For that reason the study of the cause has been facilitated and the controlling question presented at once for this court's decision.

In the support of his above stated contentions, the appellant cites said statute and the leading authorities (First Point: Moore v. Moore, 22 Tex. 237; DeFierros v. Fierros, Tex.Civ.App., 154 S.W. 1067; Lohmuller v. Lohmuller, Tex.Civ.App., 135 S.W. 751; Bingham v. Bingham, Tex.Civ.App., 149 S.W. 214; McNabb v. McNabb, Tex.Civ.App., 207 S.W. 129; Hyatt v. Hyatt, Tex.Civ.App., 111 S.W.2d 341; Cole v. Cole, Tex.Civ.App., 299 S.W. 924; Yosko v. Yosko, Tex.Civ.App., 97 S.W.2d 1023; Pybus v. Pybus, Tex.Civ.App., 147 S.W.2d 512; McCullough v. McCullough, 120 Tex. 209, 36 S.W.2d 459; Rogers v. Rogers, Tex. Civ.App., 70 S.W.2d 211. Second Point: Jasper v. Jasper, Tex.Civ.App., 2 S.W.2d 468; Tanton v. Tanton, Tex.Civ.App., 209 S.W. 429; Aylesworth v. Aylesworth, Tex. Civ.App., 292 S.W. 963) applying the well recognized rules of law in such cases to the facts of similar cases and he calls particular attention to the application of such rules to the facts of the instant case.

In his reply brief appellant cites and discusses Cartwright v. Canode, 106 Tex. 502, 171 S.W. 696; Barrow v. Barrow, Tex.Civ. App., 97 S.W. 120; Oliver v. Oliver, Tex. Civ.App., 283 S.W. 641; Hickman v. Hickman, Tex.Civ.App., 20 S.W.2d 1073; Coffman v. Coffman, Tex.Civ.App., 83 S.W.2d 416; Milner v. Milner, Tex.Civ.App., 111 S.W.2d 282; Scannell v. Scannell, Tex. Civ.App., 117 S.W.2d 538; Kreiter v. Kreiter, Tex.Civ.App., 137 S.W.2d 184; Shepard v. Shepard, Tex.Civ.App., 139 S. W.2d 195; Blackburn v. Blackburn, Tex. Civ.App., 163 S.W.2d 251; Bell v. Bell, Tex.Civ.App., 135 S.W.2d 546; Speers Law of Marital Rights in Texas, 695, 697 and 673. As will appear, several of these au-

thorities were cited and relied on by the appellee in support of her counter propositions, and appellant's reply brief discusses such authorities, pointing out their applicability or inapplicability to the facts of the instant case from the standpoint of the appellant.

The appellee's brief directs this court's attention to the following authorities: Rivers v. Rivers, Tex.Civ.App., 133 S.W. 524, 525; Barrow v. Barrow, Tex.Civ.App., 97 S.W. 120; Oliver v. Oliver, Tex.Civ. App., 283 S.W. 641; Hickman v. Hickman, Tex.Civ.App., 20 S.W.2d 1073; Jones v. Jones, 60 Tex. 451, 460; Coffman v. Coffman, Tex.Civ.App., 83 S.W.2d 416; Milner v. Milner, Tex.Civ.App., 111 S.W.2d 282; Scannell v. Scannell, Tex.Civ.App., 117 S.W.2d 538; Bell v. Bell, Tex.Civ.App., 135 S.W.2d 546; Kreiter v. Kreiter, Tex. Civ.App., 137 S.W.2d 184; Shepard v. Shepard, Tex.Civ.App., 139 S.W.2d 195; Blackburn v. Blackburn, Tex.Civ.App., 163 S.W.2d 251; Cartwright v. Canode, 106 Tex. 502, 171 S.W. 696; Carter v. Carter, Tex.Civ.App., 151 S.W.2d 884.

In the light of the facts of this case, we have given careful consideration to all authorities relied on by the respective litigants. In the statement and application of the fundamental principles of law involved in this type of case the authorities cited by the respective litigants reflect no material difference. In varying degrees there is a difference in the factual backgrounds of such cases, and that is true as to the instant one. Hence, there is no difference as to the legal test (reflected by the statute) to be applied to the facts of this case, but our chief concern has been and is a proper appraisal of the testimony in order that we may correctly apply the relevant rules of law to the questions raised.

After a most careful consideration of the testimony, this court has reached the conclusion that the verdict of the jury is amply supported by the testimony.

In addition, the trial court's decree, after reciting the issues submitted and the answers of the jury thereto as above set out, then recites his independent conclusion that the jury " * * * thereby found from a preponderance of the evidence that defendant, D. W. Stephens, is guilty of excesses, cruel treatment or outrages toward the plaintiff, Laura Belle Stephens, and that such ill treatment is of such a nature as to render the plaintiff's further living with

defendant, as his wife, insupportable, and that such ill treatment was not provoked by acts and conduct of the same general character on the part of the plaintiff, Laura Belle Stephens, toward defendant, D. W. Stephens, as would reasonably be calculated to provoke defendant's misconduct and that plaintiff, Laura Belle Stephens, acted in good faith and with probable cause for divorce from defendant in instituting her suit for divorce at the institution of her suit and that $387.50 is a reasonable fee to be allowed plaintiff for payment of attorneys employed to institute and prosecute this suit, and which verdict and answers of the jury to said special issues were by the Court received and are here now adopted, approved and confirmed by the court, to the same extent as if same were findings of the court, and the court is of opinion and finds from said verdict and answers of the jury and *from the evidence introduced* that the material allegations of the plaintiff's petition are true and that the plaintiff, Laura Belle Stephens, is entitled under the law and the facts to divorce from defendant, D. W. Stephens, and restored to the rights and privileges of single and unmarried persons * * *." (Italics ours.)

For the same reasons, it follows that we approve these conclusions of the trial court, which we construe to be a finding that the material facts alleged in the plaintiff's petition are supported by "full and satisfactory evidence" in the meaning of the statute above set out.

Like other divorce cases, the facts and circumstances of this one reflect mistakes and disappointments, on the part of the litigants. The plaintiff is past three score and ten, and the defendant's age is somewhat in excess of 84 years. They have been married some fifty-one years, reared a large family and their joint efforts through the years have not been void of substantial material success and good influences as well. Unfortunately, for about five or six years circumstances and attitudes have developed which a jury and a careful judge have found sufficient basis for the verdict and judgment now under examination by this court. It would serve no useful purpose to detail the facts and circumstances separating the lives of these litigants at this date and we shall refrain from stating them. We have endeavored to give a fair and strictly legal consideration to the propositions presented by the record; and being of the conclusions above stated, ap-

pellant's points are overruled and the judgment of the trial court is affirmed for the reasons assigned.